**UNITED STATES of America, Appellee,**

v.

**Robert MATLOCK, Jr., Appellant.**

**No. 85–1496.**

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 12, 1985.

Decided Sept. 19, 1985.

**228**

Byron Neal Fox, Kansas City, Mo., for appellant.

Thomas M. Larson, Asst. U.S. Atty., Kansas City, Mo., for appellee.

Before BOWMAN, Circuit Judge, HENLEY, Senior Circuit Judge, and WOLLMAN, Circuit Judge.

HENLEY, Senior Circuit Judge.

Robert Matlock, Jr. was found guilty by a jury of conspiracy to distribute cocaine and heroin, in violation of 21 U.S.C. § 846, and for aiding and abetting in the distribution of cocaine and heroin, a violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. He was sentenced to a prison for sixteen months and received a special parole term of five years. Matlock appeals arguing that a statement by a coconspirator should not have been admitted into evidence against him, and that the district court[1] erred in denying his motion for acquittal and motion for a new trial because the evidence was insufficient to convict him. We affirm.

Police Detectives Marcus Harris and William Irvin conducted an undercover investigation of suspected narcotics dealers Herbert and Howard McDaniel. The detectives arranged to buy some cocaine and heroin from the brothers. On the evening the drug sale took place, Harris accompanied Howard into Herbert's apartment while Irvin remained outside. Matlock was in the apartment when Harris entered, but was told to leave. Herbert then told Harris that the heroin and cocaine had not yet arrived and that he and Howard should come back in twenty minutes. Irvin testified that while he was waiting outside he saw Matlock leave the building, look at him, then obtain what appeared to be a gun from under the hood of his car. Irvin drew his own revolver and he and Matlock watched each other until Harris and Howard came out of the building. Matlock then called to Howard, "Hey, is everything okay."

The detectives and Howard returned to the apartment around 6:30 p.m. Again Herbert said that the heroin and cocaine had not yet arrived and told them to return in twenty minutes. At 7:00 p.m. they returned to the apartment. At that time Herbert said he had only one ounce of cocaine and apologized because the man who had the rest of the cocaine and the heroin had not yet delivered them.

Harris and Howard left the apartment and were going out the front door of the building when they saw Matlock arrive, carrying a bundle of clothes. Harris testi-

---

**1.** The Honorable Howard F. Sachs, United States District Judge, Western District of Missouri.

fied that Howard said, "The man with the heroin and the cocaine has just arrived." Matlock looked anxious, cautious, and appeared to be in a hurry. Harris, Howard and Matlock then returned to Herbert's apartment. Matlock gave Herbert the bundle of clothes with no comment other than, "Here, Herbert." Herbert took the bundle of clothes into the kitchen, and Harris saw Herbert pull a bag of white powder out of the clothes. Matlock was out of sight, but apparently still in the apartment. Harris purchased the additional cocaine and heroin and then left.

Matlock argues that the hearsay comment by Howard that the man with the heroin and the cocaine has just arrived should not have been admitted into evidence because it was not a statement in furtherance of the conspiracy, an exception to the hearsay rule under Fed.R.Evid. 801(d)(2)(E), and because it denied his right to confrontation under the sixth amendment. An out-of-court declaration by a coconspirator is admissible in court if the government shows "(1) that a conspiracy existed; (2) that the defendant and the declarant were members of the conspiracy; and (3) that the declaration was made during the course and in furtherance of the conspiracy." *United States v. Bell*, 573 F.2d 1040, 1043 (8th Cir.1978). The district court must determine by independent evidence that more likely than not the statement was made in the course and in furtherance of the conspiracy, to which the declarant and the defendant are parties. *Id.* at 1044. Matlock argues that the statement was not in furtherance of the conspiracy but was only a casual comment about the existence of the conspiracy, and therefore the statement was not admissible under Rule 801(d)(2)(E). *See United States v. Green*, 600 F.2d 154, 157–58 (8th Cir.1979). He also argues that there was no other evidence that Matlock was involved, exclusive of the statements.

We disagree. The statement was in furtherance of the conspiracy because it identified the source of the drugs, and, since Harris was leaving at the time, the statement caused Harris to stop and return to the apartment to buy the drugs. Independent evidence also exists to show Matlock's participation in the conspiracy. The evidence shows that he acted as a lookout during the first meeting and that he was the person who delivered the cocaine and heroin.

If an out-of-court statement by an unavailable coconspirator has sufficient indicia of reliability, its admission into evidence will not violate the confrontation clause. *United States v. DeLuna*, 763 F.2d 897, 909 (8th Cir.1985). It is undisputed that Howard McDaniel, the declarant, was unavailable at the time of trial. The four factors relevant to an inquiry on reliability, *see id.* at 910, have been met in this case: (1) the context in which the statements were made indicate reliability since Howard thought he was speaking with another drug dealer; (2) Howard had no reason to lie since it would have served no purpose; (3) Howard had no problem with his memory; and (4) Howard personally knew Matlock and had personal knowledge of the conspiracy. The statement by Howard has sufficient indicia of reliability and therefore there has been no violation of Matlock's right to confrontation under the sixth amendment.

Matlock next argues that the trial court erred in denying his motions for acquittal and for a new trial because there was insufficient evidence to convict him. He argues that there is no evidence that he knowingly contributed to the conspiracy. Although the drugs were removed from the clothes that Matlock delivered to Herbert McDaniel, Matlock argues that there is no evidence that he was aware that the drugs were in the clothes or that a drug transaction was taking place.

A jury's verdict will be sustained if there is substantial evidence, viewed in the light most favorable to the government, to support the verdict. *United States v. Grego*, 724 F.2d 701, 704 (8th Cir.1984). "[O]nce the government has established the existence of a conspiracy, even slight evidence connecting a particular defendant

to the conspiracy may be substantial and therefore sufficient proof of the defendant's involvement in the scheme." *United States v. Overshon,* 494 F.2d 894, 896 (8th Cir.), *cert. denied,* 419 U.S. 853, 95 S.Ct. 96, 42 L.Ed.2d 85 (1974). Here, several incidents connect Matlock with the drug conspiracy. The first time Harris arrived at the apartment with Howard, Matlock was asked to leave. He then went down to the parking lot, looked at Irvin, and the evidence indicates, got his gun. When Howard left the apartment building with Harris, Matlock asked if everything was okay. These actions indicate that Matlock was aware of what was occurring. When he later delivered the bundle of clothes, which contained the cocaine and heroin, he appeared anxious, cautious and in a hurry. The fact that Harris and Howard returned to the apartment with him, and that he handed the clothes to Herbert with no other statement than "here," indicates that he was aware that the clothes contained drugs. There is sufficient evidence for a jury to find that Matlock was an active participant in the drug conspiracy and in the sale of the drugs.

Howard McDaniel's statement was properly admitted into evidence, and there is sufficient evidence to support Matlock's conviction. The judgment of the district court is therefore affirmed.