UNITED STATES of America, Appellee,

v.

Clark PORTER, Appellant.

UNITED STATES of America, Appellee,

v.

Paul KOONCE, Appellant.

Nos. 87–1085, 87–1086.

United States Court of Appeals,
Eighth Circuit.

Submitted June 11, 1987.

Decided Oct. 7, 1987.

Robert G. Lancaster, St. Louis, Mo., for appellant Koonce.

David R. Freeman, St. Louis, Mo., for appellant Porter.

James K. Steitz, Asst. U.S. Atty., St. Louis, Mo., for appellee.

Before ROSS, Circuit Judge,[*] BRIGHT, Senior Circuit Judge, and WOLLMAN, Circuit Judge.

ROSS, Circuit Judge.

Appellant Paul Koonce was convicted of armed robbery of a United States Post Office, 18 U.S.C. § 2114 (1982), and possession of a firearm by a convicted felon, 18 U.S.C.App. § 1202 (1982 & Supp. II 1984). Koonce received a prison sentence of 25 years on the armed robbery conviction and a consecutive 15 year sentence enhanced by the dangerous special offender statute, 18 U.S.C. § 3575 (1982), for possession of the firearm.

Clark Porter was charged as a codefendant in the robbery and in a separate trial, Porter, age seventeen, was tried as an adult and was convicted of armed robbery of a post office, 18 U.S.C. § 2114 (1982), and possession of an unregistered firearm, 26 U.S.C. § 5861(d) and § 5871. Porter received consecutive prison terms of 25 years and 10 years, respectively.

In their separate appeals, which are here consolidated, Porter and Koonce raise numerous issues which they contend require reversal of their convictions. Koonce argues that the district court made erroneous evidentiary rulings including the admission into evidence of 1) a shotgun and a pistol, 2) stamps and currency seized from Koonce's apartment, and 3) improper identification testimony. Koonce also argues that the government lacked sufficient evidence to prove his guilt beyond a reasonable doubt and finally that the court improperly enhanced his sentence under the dangerous special offender statute.

Clark Porter argues that the district court abused its discretion in transferring him to adult status, that the prosecutor unconstitutionally exercised his peremptory challenges, and finally, that the district court erred in refusing Porter's proffered jury instruction on coercion.

[*] The Honorable Donald R. Ross assumed senior status on June 13, 1987.

After carefully considering the briefs and arguments of the parties, we affirm the decision of the district court.

## Background

The government's evidence establishes that on June 23, 1986, at approximately 4:30 p.m., Koonce and Porter entered the Jefferson Memorial Postal Station in downtown St. Louis, Missouri, Koonce wearing a "50/50 Car Wash" hat and Porter carrying a blue gym bag containing handcuffs and a sawed off shotgun. After initially pretending to fill out postal forms, Koonce pulled a .38 caliber pistol on postal employee, Marie McWilliams, while Porter aimed the shotgun at postal employee, Chester Ward. Ward and McWilliams were then forced into a back room and were handcuffed face down on the floor. While Porter and Koonce searched the premises for money, customers came in and were also forced into the back room and handcuffed on the floor with Ward and McWilliams. Unable to find the cash reserves, the defendants took books and rolls of stamps and a small amount of currency from the postal station and fled the scene.

After the robbery, postal inspectors initiated an investigation which soon targeted Clark Porter as a suspect. During a search of Porter's home, consented to by Porter's mother, the keys to the handcuffs used on the robbery victims were found in the ceiling of the bathroom. Porter was then arrested, and, after being advised of his constitutional rights, made a detailed statement to postal inspectors. Porter told the inspectors that the shotgun used in the robbery could be found in the basement of Koonce's apartment building, and that the currency and stamps taken during the robbery were in Koonce's apartment. The postal inspectors obtained a warrant to search for the shotgun, stamps and currency in Koonce's apartment and in the common basement area of the apartment building. The search revealed a sawed off shotgun in the basement and a small amount of stamps and currency in Koonce's apartment. Shortly thereafter, Koonce was arrested for the armed robbery of the postal station.

A juvenile transfer hearing was held on October 3, 1986 where it was determined that Clark Porter, seventeen years old at the time of the crime, was to be tried as an adult pursuant to 18 U.S.C. § 5032. Following separate jury trials, Porter and Koonce were both convicted of armed robbery of a post office as well as firearm violations. In a consolidated appeal, Koonce and Porter now seek reversal of these convictions.

## Discussion

### I. Paul Koonce

#### A.

Koonce, first argues on appeal that the district court erred in failing to suppress evidence of the shotgun and .38 caliber pistol as the weapons used in the postal station robbery. Koonce contends the government failed to establish a proper evidentiary foundation demonstrating the relevance of the weapons produced at trial to the crime for which he was charged.

Ward and McWilliams, two of the robbery victims, testified that the shotgun and .38 caliber pistol introduced at trial were similar to the guns used by appellants during the robbery. Additionally, two witnesses by the names of Alonzo Jones and Issac Hale, Clark Porter's cousins, testified that on an earlier occasion they had seen the guns in a blue gym bag being used by Porter, the same bag carried by Porter during the robbery. Arthur Dye, a friend of Jones and Hale, also testified that the pistol he had seen in the blue gym bag had a broken hammer and he was able to identify the pistol introduced at trial in this manner. Finally, the shotgun introduced at trial was found in a common area of Koonce's apartment building.

An appellant bears a heavy burden under the appellate standard of review of a district court's evidentiary ruling. The trial court's ruling will not be reversed on appeal absent a showing that a clear abuse of discretion has occurred. *United States v. Mays*, 822 F.2d 793, 796 (8th Cir.1987). The district court in the instant case did not abuse its discretion by admitting the pistol and shotgun into evidence. Through the

identification of the weapons by eyewitnesses, a sufficient foundation was laid to establish the relevance and probative value of this evidence.

**B.**

Koonce next contends that the stamps and currency seized from his home should have been suppressed at trial. Koonce argues that contrary to constitutional mandate the warrant authorizing the search and seizure did not state with particularity the items to be seized. Further, Koonce argues that the evidence of the stamps and currency was inadmissible due to the government's failure to establish the relevancy of this evidence to the robbery.

Pursuant to the search warrant, a roll of 52 twenty-two cent postage stamps, 14 one dollar bills and $1.17 in loose change were seized from appellant's home. The search warrant directed the seizure of a variety of items, including "currency" and "United States postage stock (stamps; envelopes; checks)." Appellant argues that this description was overly broad and violated the fourth amendment prohibition against "general warrants." *See Coolidge v. New Hampshire*, 403 U.S. 443, 467, 91 S.Ct. 2022, 2038, 29 L.Ed.2d 564 (1971).

The fourth amendment's specificity requirement has been construed by the courts to provide a practical margin of flexibility in the degree of specificity required in search warrant descriptions. The Eighth Circuit has stated that the standard used to determine the adequacy of the warrant description is one of "practical accuracy," *United States v. Johnson*, 541 F.2d 1311, 1313 (8th Cir.1976), and that the degree of specificity may necessarily vary according to the circumstances and type of items involved. *Id.* at 1314. "Where the precise identity of goods cannot be ascertained at the time the warrant is issued, naming only the generic class of items will suffice." *Id. See also United States v. Peters*, 791 F.2d 1270, 1278 n. 3 (7th Cir. 1986); *United States v. De Luna*, 763 F.2d 897, 908 (8th Cir.), *cert denied*, 474 U.S. 980, 106 S.Ct. 382, 88 L.Ed.2d 336 (1985) and cases cited therein.

■ At the time of the application and issuance of the warrant in the instant case, a more precise description of the stamps and currency taken during the robbery was unascertainable. Although the postal inspectors knew that stamps and currency had been stolen, no further information was available to more particularly describe the items in the warrant. We find that the description of the stamps and currency by generic classes was reasonably specific under the circumstances of this case.

■ We also reject Koonce's argument concerning the relevancy of the currency and coil of stamps introduced at trial. The stamps were in a coil and bore the fingerprints of both Koonce and Porter, thereby adequately establishing their relevancy to the crime charged. In contrast, the relevancy of the currency seized and introduced at trial is tenuous. Fourteen one dollar bills and $1.17 in loose change, without more, is not probative of the appellant's guilt in the crime charged. The admission of this evidence, however, does not constitute the type of prejudicial error affecting substantial rights that warrants reversal. FED.R.EVID. 103(a). No prejudice whatsoever has been demonstrated by the admission of this evidence.

**C.**

Koonce next argues that the photospread shown to the eyewitnesses of the post office robbery was impermissibly suggestive and unreliable and that the district court erred by denying his motion to suppress the photo identification testimony. He argues that the identification procedure was flawed first, because the witnesses did not view the photospread until seven weeks after the robbery, and second, because both Porter and Koonce were in position number three of the eight-position photospread. Koonce does not argue that the seven other persons in the photos possessed characteristics dissimilar to his own.

■ This court has determined that an identification procedure may violate due process when 1) the procedure is shown to be unnecessarily suggestive, and 2) the

identification lacked a sufficient basis for reliability. *United States v. Wilson,* 787 F.2d 375, 385 (8th Cir.), *cert. denied,* — U.S. —, 107 S.Ct. 197, 93 L.Ed.2d 129 (1986). In determining the reliability of an eyewitness identification, a court must consider the opportunity of the witness to view the criminal act at the scene; the witness's degree of attention; the accuracy of prior descriptions; the level of certainty demonstrated at the confrontation and the time elapsed between the crime and the identification. *Id.*

■ As to appellant's first charge, this court has held that a time lapse of four months between the crime and the identification was not a basis in and of itself upon which to find unreliability. *Id.* at 386. In the present case the robbery witnesses identified the appellant in the photospread only seven weeks after the crime. Clearly this amount of time is insufficient to taint the photospread with unreliability.

■ Furthermore, the placement of both Koonce and Porter in the number three position of the photospread was not impermissibly suggestive. The two spreads were viewed approximately six weeks apart from each other providing sufficient time to diminish any suggestivity which might have existed.

■ We conclude that Koonce's photo identification procedure was neither impermissibly suggestive nor unreliable. Each of these witnesses had ample opportunity to view Koonce at the scene of the crime. Two of the witnesses were positive in their identification of Koonce as the robbery perpetrator; the third described himself as being 95 percent certain. We find that the district court did not err in denying Koonce's motion to suppress the identification evidence.

**D.**

Next Koonce argues that the evidence presented against him was insufficient to establish his guilt beyond a reasonable doubt. An appellate court reviewing the sufficiency of the evidence to support a conviction must view the evidence in the light most favorable to the verdict, accepting all reasonable inferences that logically arise from this evidence. *United States v. Matlock,* 773 F.2d 227, 229 (8th Cir.1985). This evidence may be circumstantial. *United States v. Coronel–Quintana,* 752 F.2d 1284, 1292 (8th Cir.), *cert. denied,* 474 U.S. 819, 106 S.Ct. 66, 88 L.Ed.2d 54 (1985).

■ The government's evidence at trial indicated that the robbery eyewitnesses identified Paul Koonce as one of the post office robbers. The shotgun used in the robbery was found in the basement of Koonce's apartment building, and the coil of stamps seized in the search of Koonce's apartment bore both Koonce's and his codefendant's fingerprints. We consider this evidence more than sufficient to support Koonce's conviction.

**E.**

Finally, Koonce attacks his increased sentence imposed under the dangerous special offender statute, 18 U.S.C. § 3575 (1982), arguing that the sentence was imposed without consideration of the purpose for which the statute was enacted, namely, the protection of the public from further criminal conduct by the defendant. *Id.* at § 3575(f). We find appellant's claim to be without merit.

Appellant was convicted of armed robbery of a post office, 18 U.S.C. § 2114, and sentenced to a mandatory term of 25 years. He was also convicted of possession of a firearm by a convicted felon, 18 U.S.C.App. § 1202, for which he was subject to a maximum sentence of two years. This latter sentence was enhanced to fifteen years under the dangerous special offender statute upon a finding that Koonce was a dangerous special offender as defined in that statute.

■ The imposition of an enhanced sentence under section 3575 is predicated first upon a finding of "special offender" status in that the defendant has been convicted of two or more felonies within a specified time period. 18 U.S.C. § 3575(e). Second, it must be shown that the defendant is a "dangerous offender," a finding grounded

upon an evaluation of the character of the defendant and a prediction of future criminal conduct. *Id.* at § 3575(f). "Dangerousness" may be inferred, although not necessarily, from a finding that the defendant is a special offender. *United States v. Ilacqua*, 562 F.2d 399, 403 (6th Cir.1977), *cert. denied*, 435 U.S. 906, 98 S.Ct. 1453, 55 L.Ed.2d 497 (1978). However, an independent assessment of each of the two criteria must be made. *Id.*

Appellant in the case before us does not contest the district court's finding that he is both a special and dangerous offender within the meaning of the statute. Nor does he argue that the enhanced sentence is disproportionate to the maximum sentence for the underlying felony. Instead, appellant's only argument on appeal is that because he was already subject to a prison term of 25 years for the armed robbery conviction, he poses no danger to the public and therefore an enhancement of his sentence for the weapons violation is unwarranted and is in direct contravention of the purpose of the act.

██ Appellant cites no legal authority and we are unable to find any case law to support his position. The record in the instant case sufficiently establishes that Paul Koonce is a habitual and dangerous offender. Koonce's propensity for crime was well documented at the special offender hearing. In the last twelve years, Koonce has twice been convicted of separate robberies, once for assault to commit robbery, once for escape from custody prior to conviction, once for carrying a concealed weapon, once for exhibiting a dangerous firearm, and once for stealing in excess of $150. The unrefuted testimony at the sentencing hearing disclosed that Koonce is a drug dealer and a drug user and is known to carry a gun. He is considered a dangerous street robber who preys on the elderly and others who are less likely to identify their assailants.

In light of the appellant's extensive criminal record which shows a marked propensity for violence and utter disregard for the law, we conclude that the enhancement of appellant's sentence did not contravene the purpose of the act. *Cf. United States v. Schell*, 692 F.2d 672, 674 (10th Cir.1982) (time remaining to be served on prior conviction is irrelevant to determination of "dangerousness" under the statute).

## II. Clark Porter

Porter raises three issues on appeal. First, he charges that the district court abused its discretion in ordering him to be tried as an adult. Second, he argues that the prosecutor unconstitutionally exercised his peremptory challenges, and third, he contends that the court erred in denying his proffered jury instruction on coercion. We deal with each of these in turn.

### A.

Following a transfer hearing, Porter, age seventeen at the time of the robbery, seventeen and a half at the time of the trial, was transferred for trial as an adult pursuant to 18 U.S.C. § 5032. Porter now argues that the trial court erred in ordering this transfer. We disagree.

In order to transfer a juvenile for prosecution as an adult, the court is required to find certain factors. Section 5032 provides:

Evidence of the following factors shall be considered, and findings with regard to each factor shall be made in the record, in assessing whether a transfer would be in the interest of justice: the age and social background of the juvenile; the nature of the alleged offense; the extent and nature of the juvenile's prior delinquency record; the juvenile's present intellectual development and psychological maturity; the nature of past treatment efforts and the juvenile's response to such efforts; the availability of programs designed to treat the juvenile's behavioral problems.

The ultimate question is "whether a transfer would be in the interest of justice." *Id.*

Appellant now argues that the transcript of the transfer hearing, shows that these factors were not adequately addressed. He relies primarily on *United States v. C.G.*, 736 F.2d 1474 (11th Cir.1984) where the Eleventh Circuit determined that the district court's findings regarding the

transfer of a juvenile were insufficient to allow the court of appeals to review the interest-of-justice determination. *Id.* at 1478. The case was then remanded for further proceedings.

■ After examining the district court's order and the transcript of the hearing in the case before us, we conclude that the district court did not err in transferring Porter for prosecution as an adult. Unlike *United States v. C.G.*, where the district court made no findings whatsoever on two of the six statutory factors, the district court in the case before us made findings on each of the factors, providing this court a sufficient basis from which to make a meaningful review of the transfer decision. The record establishes that appellant never had a father in his background, only a mother. When appellant was four years old, he and his five siblings were removed from his mother's home because of neglect charges and placed in foster homes. By age sixteen, appellant had been in detention homes, reform schools, seven foster homes and five family homes. His prior delinquency record indicated that he was removed from each foster and family home because of behavior problems. Although he has had only one delinquency adjudication, second degree assault and stealing over $150, he has a history of assaultive behavior, and property damage and stealing offenses in foster homes and residential treatment centers. A psychiatric examination indicated that appellant has an I.Q. of 84, that he is psychologically mature and that he knows the difference between right and wrong.

Testimony at the transfer hearing further discloses that appellant has been involved in numerous types of treatment, including individual, group and family therapy, drug and alcohol counseling, special education services and behavior modification therapy. None of the treatments, however, proved to be successful. Moreover, a probation officer, familiar with treatment programs available within the federal system, testified that each of the available programs is substantially similar to those already offered to appellant and that any further treatment at these facilities would be redundant and likely unsuccessful.

Based on the foregoing, we conclude that the record sufficiently establishes the propriety of appellant's prosecution as an adult pursuant to 18 U.S.C. § 5032.

**B.**

Next Porter, who is black, argues that the district court erred in failing to dismiss the jury panel for the prosecutor's unconstitutional use of peremptory challenges to substantially reduce the number of blacks available to sit on the jury.

■ Under *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), a defendant must first establish a prima facie case of purposeful discrimination in selection of the jury panel. A defendant will establish a prima facie case by showing that the government's use of its peremptory challenges and any other relevant circumstances raise an inference that the government excluded prospective jurors on the basis of their race. *Id.* 106 S.Ct. at 1723. In determining whether a defendant has established the requisite showing of purposeful discrimination, the trial court should consider all relevant circumstances including, but not limited to, a pattern of strikes against black jurors, as well as the prosecutor's questions and statements during voir dire. *Id.* at 1723. Once a defendant makes a prima facie showing of purposeful discrimination, the government has the burden of articulating a clear and reasonably specific and neutral explanation for the peremptory challenge.

■ In the case before us, Porter argues that the necessary inference was raised solely by the government's exclusion of one of the two black potential jurors, notwithstanding that the government accepted the other black venireman on the final jury panel. We find that appellant's argument is without merit. Appellant's bare reliance on the fact that the government used one of its peremptory challenges to exclude one of the two black veniremen falls short of raising an inference of purposeful discrimination necessary to estab-

lish a prima facie case under *Batson. See United States v. Montgomery*, 819 F.2d 847, 851 (8th Cir.1987) (government's use of peremptory challenge to strike two of four black potential jurors not prima facie showing of purposeful discrimination); *United States v. Dennis*, 804 F.2d 1208, 1211 (11th Cir.1986) (per curiam), *cert. denied*, — U.S. —, 107 S.Ct. 1973, 95 L.Ed.2d 814 (1987) (government's use of peremptory challenges to strike three of five black veniremen not prima facie showing of purposeful discrimination). Because we find that appellant failed to establish the requisite prima facie case, no further inquiry need be made into whether the explanation given for the government's peremptory challenge was neutral. Accordingly, we hold that the district court did not err in denying Porter's motion to dismiss the jury panel.

### C.

Porter finally argues that the district court erred in refusing his proffered jury instruction that the jury should find Porter not guilty if they determine that he was coerced. The trial court refused the instruction finding that there was no evidence presented to support such a theory.

 In order to warrant an instruction on coercion, Porter was required to introduce sufficient evidence to show 1) a threat of immediate death or serious bodily harm which led him to commit the crime in order to avoid the harm; and 2) that he had no reasonable opportunity to withdraw from the crime or escape and avoid the threatened harm. *United States v. Feldhacker*, 820 F.2d 279 (8th Cir.1987); *United States v. Wells*, 773 F.2d 230, 231 (8th Cir.1985).

Porter argues that he was coerced by codefendant Koonce into committing the robbery of the post office. Porter argues that the coercion is evidenced first, by the fact that Koonce is thirteen years older than Porter, and second, by the fact that Porter recanted his statement implicating Koonce once the two defendants were placed in the same institution following their arrests.

This evidence falls far short of that required to warrant an instruction on coercion. The district court did not err in refusing to submit the instruction.

### III.

In summary, we conclude that the district court did not err in admitting evidence of the weapons used in the robbery, the stamps and currency, or the testimony identifying Koonce as the perpetrator. Further, we find that enhancement of Koonce's sentence does not contravene the purposes of the dangerous special offender statute. With regard to Porter, we conclude that the court's prosecution of Porter as an adult was proper, that the government's use of its peremptory challenges was not unconstitutional and finally that the evidence did not warrant an instruction on coercion. We note that our decision is without prejudice to the filing of motions by defendants pursuant to FED.R.CRIM.P. 35 for reduction of the sentence.