**UNITED STATES of America, Appellee,**

v.

**Wayne ROGERS, Appellant.**

No. 87–2058.

United States Court of Appeals, Eighth Circuit.

Submitted May 9, 1988.

Decided June 27, 1988.

Before WOLLMAN and BEAM, Circuit Judges, and RE[*], Chief Judge, United States Court of International Trade.

WOLLMAN, Circuit Judge.

A jury convicted Wayne Rogers of being a felon in possession of a firearm in violation of 18 U.S.C. App. § 1202(a)(1) and of possession of an unregistered firearm in violation of 26 U.S.C. § 5861(d). The district court[1] sentenced Rogers to imprisonment for concurrent terms of two years and nine years, respectively. We affirm.

On July 18, 1986, at approximately 9:00 p.m., St. Louis police officers received a call to proceed to a certain address. Upon arrival at the residence, they knocked on the door but no one answered. When the officers knocked again, Rogers shouted that he was being held hostage. The officers called for reinforcements and sealed off the street. As events developed, the officers learned that Rogers was high on narcotics and was suffering from delusions. The officers heard a blast from a window on the second floor of the house. After barricading himself in the apartment for approximately one hour, Rogers gave himself up to the police. The officers then searched the residence, which was in shambles. In the words of one of the officers, the residence "looked like a tornado had went through there." Transcript at 1–73. The officers found drug paraphernalia in a bedroom and a .20 gauge sawed-off Crescent–Davis shotgun wrapped in a blanket in the sunporch. The chamber of the gun was empty, and the officers were unable to find a spent casing in the apartment. The shotgun was tested for fingerprints, but none were obtained.

## I.

On appeal, Rogers first argues that he made a prima facie showing of purposeful discrimination in the government's use of its peremptory challenges against poten-

James C. Delworth, St. Louis, Mo., for appellant.

James Steitz, St. Louis, Mo., for appellee.

---

[*] The HONORABLE EDWARD D. RE, Chief Judge, United States Court of International Trade, sitting by designation.

1. The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern District of Missouri.

tial black jurors and that the district court erred in failing to hold a *Batson* hearing to explore the basis for the government's challenges. We disagree.

The government utilized three of its seven peremptory challenges to exclude black venire members. The jury ultimately selected consisted of ten white jurors, two black jurors, and a black alternate. The district court determined that under *United States v. Montgomery*, 819 F.2d 847, 851 (8th Cir.1987), a prima facie case of discrimination in the jury selection process had not been shown.

To establish a prima facie case of purposeful discrimination in the selection of a jury, the defendant must show that the government's use of its peremptory challenges raised an inference that members of the defendant's race were struck on account of their race. *Batson v. Kentucky*, 476 U.S. 79, 97, 106 S.Ct. 1712, 1723, 90 L.Ed.2d 69 (1986). If a prima facie case is not established, the government is under no burden to provide a neutral explanation for its peremptory challenges. *Id.* at 96–98, 106 S.Ct. at 1722–24; *United States v. Ingram*, 839 F.2d 1327, 1330 (8th Cir. 1988). Because the facts and circumstances of this case do not show a pattern of strikes against black venire members that would raise an inference of discrimination, the district court did not err in determining that a *Batson* hearing was not required.

## II.

■ Rogers next argues that the district court erred in overruling his motion for a mistrial based on the prosecutor's remarks during closing arguments.

The theory of the defense was that Rogers was too high on drugs to have had the coordination to load a shell into the gun and then to wrap the gun in a blanket after he fired the shot. Moreover, it was argued, Rogers would not have had the presence of mind to wipe his fingerprints off the gun. The prosecutor responded to this theory by arguing that Rogers "was high. He was wild. * * * He was bug-eyed, based on the narcotics that he had injected." Transcript at 2–86. On rebuttal, the prosecutor added that "people on drugs can do amazing things. They rob people * * * they kill people." *Id.* at 2–103–04.

Reversible prosecutorial misconduct exists when the prosecutor's improper remarks prejudicially affect the defendant so as to deprive him of a fair trial. *United States v. Hernandez*, 779 F.2d 456, 458 (8th Cir.1985). Rogers contends that the prosecutor's comments created the risk that the jury would base its conviction on its desire to remove a dangerous drug user from the streets, rather than on the evidence relating to the charge of illegal gun possession. We agree with the district court that the prosecutor's argument could have been more discreet. We also agree with the district court that the prosecutor's complained-of remarks were made in response to defense counsel's argument. Although we acknowledge that it is a close question, after giving due regard to the district court's on-the-scene opportunity to judge the impact of the objectionable comments in the context in which they were delivered, we conclude that the trial court did not abuse its discretion in overruling the motion for a mistrial.

The judgment is affirmed.