**UNITED STATES of America, Appellee,**

v.

**Reginald HUGHES a/k/a Raymond Dashun Calloway, Appellant.**

No. 87–2585.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 21, 1988.

Decided Dec. 21, 1988.

James J. Knappenberger, Clayton, Mo., for appellant.

Stephen Muchnick, St. Louis, Mo., for appellee.

Before LAY, Chief Judge, HENLEY, Senior Circuit Judge, and FAGG, Circuit Judge.

LAY, Chief Judge.

Reginald Hughes appeals from his conviction of possession with intent to distribute heroin, and conspiracy to possess with intent to distribute and distribution in excess of 500 grams of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846, respectively. After trial to a jury the district court[1] sentenced Hughes to imprisonment for a period of twelve years to be followed by a term of supervised release for three years.

Hughes raises six issues on appeal concerning: (1) his warrantless arrest and the search and seizure of Preston's apartment, (2) the district court's refusal to give a proposed jury instruction, (3) sufficiency of the evidence on the conspiracy charge, (4) admission of certain evidence, (5) jury composition, and (6) alleged prosecutorial excesses.

Hughes, a black person, makes a number of objections to the process by which the jury was selected, namely: (1) defense counsel was not allowed to conduct the voir

---

1. The Honorable Stephen N. Limbaugh, United States District Court Judge for the Eastern District of Missouri.

dire himself instead of the district court, (2) three challenges for cause were incorrectly denied, (3) the jury selection system did not draw jurors from a fair cross-section of the community, and (4) a violation of *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), took place. We have reviewed the record carefully and find the first three objections listed above to be without merit.

We need only address at this time the *Batson* issue raised concerning the composition of the jury. Hughes claims that there exists a prima facie case of racial discrimination by the government's striking three blacks from the jury on a peremptory basis. The district court overruled defendant's objection at trial and stated:

> [O]f the six blacks, one was excused for cause at the request of the defendant, three were challenged on a peremptory basis by the government, and two remain on the jury.

> The [c]ourt does not believe that this constitutes any [c]onstitutional deprivation under *Batson* and succeeding cases, which have interpreted *Batson*. And accordingly, although some impropriety has been raised by objection by [c]ounsel for the defendant, the [c]ourt does not feel that there is any in view of the fact that two of the twelve members of the jury selected are black.[2]

The government's position on appeal relies exclusively on a mathematical analysis for *Batson* challenges. While it is true that the Supreme Court declined to "formulate particular procedures to be followed upon a defendant's timely objection to a prosecutor's challenges," *Batson*, 476 U.S.

at 99, 106 S.Ct. at 1724, we have held that the Supreme Court did not contemplate the use of a purely numerical formula. On the contrary, the Supreme Court instructed that "[i]n deciding whether the defendant has made the requisite showing, *the trial court should consider all relevant circumstances*." *Id*. at 96–97, 106 S.Ct. at 1722–23 (emphasis added). In *United States v. Battle*, 836 F.2d 1084, 1086 (8th Cir.1987), this court noted, "[i]n remanding this case, we emphasize that under *Batson*, the striking of a single black juror for racial reasons violates the equal protection clause even though other black jurors are seated, and even when there are valid reasons for the striking of some black jurors." *See also United States v. Rodrequez*, 859 F.2d 1321, 1324 (8th Cir.1988); *United States v. Gordon*, 817 F.2d 1538, 1541 (11th Cir.1987); *United States v. David*, 803 F.2d 1567, 1571 (11th Cir.1986).[3]

In the present case, the question before us is whether the defendant made a prima facie showing of purposeful discrimination. In making this determination we are mindful of the recorded history suggesting systematic exclusion of black jurors by peremptory strikes in the Eastern District of Missouri and we note the record on voir dire. Although each case must be decided on an individual basis, *Batson*, 476 U.S. at 95, 106 S.Ct. at 1722, we take judicial notice of the frequency of the charge of systematic exclusion of black jurors in the Eastern District of Missouri in criminal cases. *See United States v. Townsley*, 856 F.2d 1189, 1195 n. 5 (8th Cir.1988) ("This court has repeatedly noted

---

**2.** Tr. of Jury Trial, Oct. 5, 1987, Vol. I at 1–49.

**3.** In its brief to this court, the government cites three cases that allegedly support the use of a numerical formula for determining if the defendant has made a prima facie showing of purposeful discrimination. For example, the government cites *United States v. Dennis*, 804 F.2d 1208 (11th Cir.1986), *cert. denied*, —— U.S. ——, 107 S.Ct. 1973, 95 L.Ed.2d 814 (1987), for the proposition that the government's action in striking three blacks out of five prospective black jurors did not establish a prima facie case of racial discrimination. The government also relies on two of this circuit's cases, *United States v. Porter*, 831 F.2d 760 (8th Cir.1987), *cert. de-*

*nied*, —— U.S. ——, 108 S.Ct. 1037, 98 L.Ed.2d 1001 (1988) (no prima facie case established by the fact that the government struck one out of two black jurors) and *United States v. Montgomery*, 819 F.2d 847 (8th Cir.1987) (government's striking two out of four blacks from the jury did not raise an inference of racial discrimination). We feel these cases suggest that numbers alone do not establish a prima facie case. However, the converse is true as well; the numbers alone do not affirmatively negate a prima facie case. In addition neither *Porter* nor *Montgomery* explores the voir dire of those jurors who were stricken.

the disturbing number of cases raising the issue of the government's use of peremptory challenges to strike blacks from petit juries in the Eastern District of Missouri."); *United States v. Wilson,* 816 F.2d 421, 424 (8th Cir.1987) ("specifically not[ing] the large number of appeals raising this issue that originated, like this one, from the Eastern District of Missouri"); *United States v. Norton,* 780 F.2d 21, 23 n. 3 (8th Cir.1985) ("This court continues to be concerned about the number of appeals originating from the Eastern District of Missouri raising the issue of the government's use of peremptory challenges to strike blacks from the jury."); *see also United States v. Rodrequez,* 859 F.2d 1321 (8th Cir.1988); *United States v. Baker,* 855 F.2d 1353 (8th Cir.1988); *United States v. Rogers,* 850 F.2d 435 (8th Cir.1988); *United States v. Ingram,* 839 F.2d 1327 (8th Cir.1988); *United States v. Battle,* 836 F.2d 1084 (8th Cir.1987); *United States v. Porter,* 831 F.2d 760 (8th Cir.1987), *cert. denied,* — U.S. —, 108 S.Ct. 1037, 98 L.Ed.2d 1001 (1988); *United States v. Montgomery,* 819 F.2d 847 (8th Cir.1987); *United States v. Davis,* 816 F.2d 433 (8th Cir.1987), *cert. denied,* — U.S. —, 109 S.Ct. 88, 102 L.Ed.2d 64 (1988); *United States v. Nicholson,* 815 F.2d 61 (8th Cir. 1987); *United States v. Minor,* 815 F.2d 472 (8th Cir.1986); *United States v. Thompson,* 730 F.2d 82 (8th Cir.), *cert. denied,* 469 U.S. 1024, 105 S.Ct. 443, 83 L.Ed.2d 369 (1984); *United States v. Childress,* 715 F.2d 1313 (8th Cir.1983), *cert. denied,* 464 U.S. 1063, 104 S.Ct. 744, 79 L.Ed.2d 202 (1984); *United States v. Capers,* 685 F.2d 249 (8th Cir.1982); *United States v. Neal,* 527 F.2d 63 (8th Cir.1975), *cert. denied,* 429 U.S. 845, 97 S.Ct. 125, 50 L.Ed.2d 116 (1976); *United States v. Conley,* 503 F.2d 520 (8th Cir.1974); *United States v. Pollard,* 483 F.2d 929 (8th Cir. 1973), *cert. denied,* 414 U.S. 1137, 94 S.Ct. 882, 38 L.Ed.2d 762 (1974); *United States v. Jones,* 452 F.2d 884 (8th Cir.1971). While it may develop that the peremptory challenges were not exercised on the basis of a prosecutorial systematic exclusion procedure, we feel the history of exclusion is a relevant factor in deciding whether the defendant has made out a prima facie case. Although as indicated, each case must be decided on an individual basis, we find the record on voir dire along with the indicia of systematic exclusion demonstrates a case of racial exclusion sufficient to require the government to come forward and meet the *Batson* objection raised by defendant.

The record indicates that there were six blacks on the original jury panel. One of these jurors was struck for cause at defendant's request. The government then exercised its peremptory challenge to three of the remaining five black jurors. During voir dire one of these three jurors, Gwenda Payne, never spoke, i.e., she did not answer affirmatively to any of the district court's questions. As to the other two jurors, Booker Washington and Helen Bloodsaw, Mr. Washington indicated that he had served as a juror in a civil trial in the city courts of St. Louis two years prior, but that he was not the foreman; Ms. Bloodsaw had been on a civil venire once but was not ultimately chosen to sit on the jury. Mr. Washington had been the victim of a burglary eight years prior but indicated that this experience as a victim of crime would not interfere with his ability to hear this case and give a fair verdict to both parties. Finally, Ms. Bloodsaw has a family member who was convicted of a felony approximately fifteen years ago. She indicated this fact would not cause her in any way to be prejudiced against either the government or the defendant. The voir dire does not reveal sufficient independent reasons, other than race, for the striking of these jurors. We find on the basis of the overall record and the past history of exclusions of blacks from Eastern District criminal cases sufficient grounds to hold that defendant has established a prima facie case.

*Batson* therefore shifts the burden to the government to now come forward with a neutral explanation for its challenges to these black jurors. *Batson,* 476 U.S. at 97, 106 S.Ct. at 1723. Accordingly, "[b]ecause the trial court flatly rejected the [*Batson*] objection without requiring the prosecutor to give an explanation for his action, we

remand this case for further proceedings." *Id.* at 100, 106 S.Ct. at 1725. The district court is instructed to hold an evidentiary hearing to determine the government's explanation for using its peremptory challenges to exclude the three black veniremen. The district court should hold such hearing within a reasonable time and certify its findings back to the panel of this court. We hold in abeyance any further ruling on the other issues raised on appeal until the evidentiary hearing and ruling is so certified. *See Battle*, 836 F.2d at 1086.