943 F.2d 55
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James NORTON, Petitioner-Appellant,
v.
Eddie R. MYERS, Warden, et al., Respondent-Appellee.
 No. 90-55094.
 United States Court of Appeals, Ninth Circuit.*
 Submitted Sept. 9, 1991*
Decided Sept. 13, 1991.
 
 Before BEEZER, CYNTHIA HOLCOMB HALL and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 James Norton appeals the dismissal of his habeas corpus petition brought under 28 U.S.C. §§ 2241 & 2254. We have jurisdiction pursuant to 28 U.S.C. § 2253. We affirm.
 
 
 3
 * Norton was charged with burglary and tried in California Superior Court. He is black. During voir dire, the prosecutor accepted four black jurors, but used eight of eighteen peremptory challenges to dismiss additional blacks. After the prosecutor exercised his eighteenth peremptory challenge, defense counsel objected, contending that the prosecutor's peremptory challenges had been racially motivated, and requested a hearing under Wheeler v. California, 22 Cal.3d 258, 583 P.2d 748, 148 Cal.Rptr. 890 (1978). His sole foundation for the objection was that "[o]ut of the 18 challenges that we have had that the prosecutor has exercised so far--I show ... eight blacks have been excused." After noting that four blacks had been named to the jury despite the use of peremptory challenges by the prosecution and defense, the court denied the objection. Norton renewed his Wheeler objection in a motion for a new trial, which the court denied without comment.
 
 
 4
 On direct appeal to the California Court of Appeal, Norton's appointed counsel did not raise the prosecutor's use of peremptory challenges. After his conviction was affirmed and his petition for habeas corpus denied by the California Supreme Court, Norton filed a petition for writ of habeas corpus in the district court, alleging that he had received ineffective assistance of counsel from both his trial and appellate counsel. Adopting the findings of Magistrate Charles F. Eick, the district court denied the petition.
 
 
 5
 Norton timely appealed. This court granted his request for a certificate of probable cause and for appointment of appellate counsel. Of the allegations presented in his original petition, Norton, now represented by counsel, presents us with a single issue: Whether the failure of his appellate counsel to raise on direct appeal the prosecutor's use of peremptory challenges constituted ineffective assistance of counsel.
 
 B
 
 6
 The district court's denial of a habeas petition is reviewed de novo. Tinsley v. Borg, 895 F.2d 520, 523 (9th Cir.1990), cert. denied, 111 S.Ct. 974 (1991).
 
 
 7
 Under Strickland v. Washington, 466 U.S. 668, 687 (1984), a petitioner claiming to have received ineffective assistance of counsel must show (1) that his counsel's representation fell below an objective standard of reasonableness; and (2) that, but for his counsel's unprofessional errors, there is a reasonable probability that the result of the proceeding would have been different. Both prongs of the Strickland test need not be addressed if a petitioner makes an insufficient showing as to one. Id. at 697. Review of counsel's performance is "highly deferential" and there is a "strong presumption" that counsel rendered adequate assistance and exercised reasonable professional judgment. United States v. Ferreira-Alameda, 815 F.2d 1251, 1253 (9th Cir.1986). Strickland applies to legal representation at the appellate level. Miller v. Keeney, 882 F.2d 1428, 1433 (9th Cir.1988).
 
 
 8
 Allegations of racially motivated peremptory challenges are reviewed under Batson v. United States, 476 U.S. 79 (1986). Under Batson, a defendant bears the initial burden of establishing a prima facie case of purposeful discrimination. Id. at 94-95. He must show that he is a member of a cognizable racial group and that the prosecutor exercised peremptory challenges to remove from the jury members of the defendant's race. Id. at 96. The defendant must then "demonstrate that these facts and any other relevant circumstances raise an inference that the prosecutor used the challenge to exclude such jurors on account of race." United States v. Chinchilla, 874 F.2d 695, 697 (9th Cir.1989) (citing Batson, 476 U.S. at 96). Once the defendant makes a prima facie showing, the burden shifts to the government to articulate an explanation for challenging those jurors. Batson, 476 U.S. at 96. The California courts employ a similar standard. See People v. Turner, 42 Cal.3d 711, 726 P.2d 102, 230 Cal.Rptr. 656 (1986).
 
 
 9
 In deciding whether the defendant has met his burden,
 
 
 10
 the trial court should consider all relevant circumstances. For example, a "pattern" of strikes against black jurors included in the particular venire might give rise to an inference of discrimination. Similarly, the prosecutor's questions and statements during voir dire examination and in exercising his challenges may support or refute an inference of discriminatory purpose.
 
 
 11
 Batson, 476 U.S. at 96. A trial court's finding that the prosecutor did or did not act with discriminatory purpose is entitled to "great deference." Id. at 98 n. 21.
 
 C
 
 12
 Norton contends that he has satisfied both prongs of the Strickland test. He argues that his appellate counsel's failure to raise the issue of peremptory challenges cannot be deemed a tactical decision, and thus falls below the level of objective reasonableness. Second, he claims there is a "high probability" that had his counsel raised the issue, he would have prevailed on appeal. We disagree. Because Norton failed to establish a prima facie case of discriminatory intent under Batson, we conclude that he failed to satisfy Strickland's prejudice prong.
 
 
 13
 Norton's prima facie case before the trial court was that the prosecutor had used eight of eighteen peremptory challenges, or forty-four percent, to strike potential jurors who were black. Although the record is unclear, we know that there were at least thirteen potential black jurors,[1] so that at most, the prosecutor struck sixty-one percent of the black venirepersons. On appeal, Norton also notes as additional circumstantial evidence of discriminatory intent, the fact that Carol Jackson, the eighth black juror dismissed by the prosecution, would have been sympathetic to the prosecution because of her background as a burglary victim and an employee of a law enforcement agency.
 
 
 14
 Examining the totality of the circumstances, and mindful of our obligation to defer to the findings of the trial court, we cannot agree with Norton that this evidence is sufficient to establish a prima facie case of discriminatory intent. As we explained in Chinchilla, "[t]here is no magic number of challenged jurors which shifts the burden to the government to provide a neutral explanation for its actions. Rather, the combination of circumstances taken as a whole must be considered." 874 F.2d at 698.
 
 
 15
 The fact that the prosecutor removed sixty-one percent of the prospective black jurors may tend to suggest discriminatory intent. See Chinchilla, 874 F.2d at 698 n. 4 (removal of less than one hundred percent of the challenged class may establish a prima facie case). We and other circuits have made clear, however, that this evidence may be offset by the prosecutor's acceptance of members of the challenged group on the jury. That acceptance, "although not conclusive, weighs heavily in support of the district court finding of no discrimination." United States v. Lane, 866 F.2d 103, 106 (4th Cir.1989); see also United States v. Allison, 908 F.2d 1531, 1537 (11th Cir.1990) (unchallenged presence of three blacks on jury undercuts any inference of impermissible discrimination that might arise from fact that prosecutor struck fifty percent of black venirepersons), cert. denied, 111 S.Ct. 1681 (1991); Chinchilla, 874 F.2d at 698 n. 4 ("the willingness of a prosecutor to accept minority jurors weighs against the findings of a prima facie case"); United States v. Dennis, 804 F.2d 1208, 1211 (11th Cir.1986) ("[T]he unchallenged presence of two blacks on the jury undercuts any inference of impermissible discrimination that might be argued to arise from the fact that the prosecutor used three of four peremptory challenges he exercised to strike blacks from the panel of potential jurors and alternates."), cert. denied, 481 U.S. 1037 (1987); accord United States v. Sangineto-Miranda, 859 F.2d 1501, 1522 (6th Cir.1988); United States v. Porter, 831 F.2d 760, 767-68 (8th Cir.1987), cert. denied, 484 U.S. 1069 (1988); United States v. Montgomery, 819 F.2d 847, 851 (8th Cir.1987).
 
 
 16
 The only other factor noted by Norton is the removal of juror Jackson. While her exclusion may be relevant, it is outweighed by the prosecutor's willingness to accept four black jurors. See Dennis, 804 F.2d at 1211 ("Appellants' case is not bolstered by the fact that two of the stricken black venirepersons had previously been victims of burglaries...."); cf. United States v. Hughes, 880 F.2d 101, 103 (8th Cir.1989) (where court had access to full voir dire record it found non-racial reasons for challenging certain jurors lacking).
 
 
 17
 We also note the absence of other factors that might weigh in favor of a finding of discriminatory intent, such as the prosecutor's statements during voir dire suggesting discriminatory purpose, see Allison 908 F.2d at 1538, or the prosecutor's failure to use peremptory strikes against venirepersons other than those in the defendant's racial group, see Sangineto-Miranda, 859 F.2d at 1522. Here, there is no evidence that the prosecutor's conduct during voir dire was suggestive, nor is there any evidence that his use of peremptory challenges was one sided.
 
 
 18
 In making out a prima facie case, "the defendant must point to more than the bare fact of the removal of certain venirepersons and the absence of an obvious valid reason for the removal." Allison, 908 F.2d at 1538 (internal citation omitted). We conclude that Norton failed to do so. Unable to establish a prima facie case under Batson, he likewise fails to satisfy Strickland's prejudice prong. We therefore affirm the denial of his habeas petition.
 
 
 19
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Other blacks may have been dismissed by the defense