# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-2244

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States District |
| | * | Court for the Southern District of Iowa. |
| David Dey Jansen, | * | |
| | * | |
| Defendant - Appellant. | * | |

_____

Submitted: November 15, 2006
Filed: December 13, 2006

_____

Before MURPHY, ARNOLD, and BENTON, Circuit Judges.

_____

MURPHY, Circuit Judge.

David Dey Jansen was convicted by a jury of two counts of being a felon in possession of a pipe bomb and two counts of possessing an unregistered firearm. The district court[1] sentenced him to concurrent terms of seventy months on each count and he appeals, arguing that the court erred in denying his suppression motion and that there was insufficient evidence to convict him. We affirm.

_____

[1]The Honorable James E. Gritzner, United States District Judge for the Southern District of Iowa.

On September 28, 2004 there was an explosion at the Sunrise Terrace Trailer Park outside of Newton, Iowa. Lieutenant Fred Oster responded to investigate and observed David Jansen and Jan Roseland leaving the park on a motorcycle. After the driver rolled through two stop signs, Oster pulled the motorcycle over. Roseland agreed to a search, and Oster found what appeared to be prescription drugs in her possession. She indicated that the prescription bottles were back at her trailer where she could show that she lawfully possessed the pills. After returning to the trailer, Oster followed Roseland when she went inside to retrieve the bottles. While Oster testified that Roseland gave him permission to accompany her, she testified that he followed her inside even though she had told him she would bring the bottles out.

Inside the trailer Oster observed a marijuana pipe and marijuana stem in plain view, and he proceeded to check the trailer to see whether anyone else was present and saw what appeared to be pipe bombs in the bedroom. Oster secured the trailer until a search warrant could be obtained. His affidavit in support of the application related that he had responded to a call about an explosion at the trailer park, seen the motorcycle fail to stop, pulled it over, and had a conversation with Roseland about the pills in her possession. After returning to Roseland's trailer, he went inside with her consent and observed in plain view a marijuana pipe and stem on the coffee table and firecracker wrappers and loose firecrackers on the floor.

A search warrant was issued that authorized seizing drugs; drug paraphernalia; related equipment; evidence of occupancy, residency, or ownership of the trailer; weapons; firearms; and ammunition. After obtaining the warrant, officers searched the trailer and found two homemade pipe bombs on a shelf in the master bedroom and other component parts in other places in the trailer.

Jansen was indicted by a grand jury in February 2005 on two counts of being a felon in possession of a pipe bomb, in violation of § 18 U.S.C. 922(g)(1), and two counts of possession of an unregistered firearm, in violation of §§ 26 U.S.C. 5861(d) and § 5871. Jansen moved for a hearing pursuant to Franks v. Delaware, 438 U.S. 154

(1978), and to suppress the evidence seized in the trailer. The district court held a suppression hearing at which Oster testified that Jansen had failed to stop at two stop signs and Jansen contradicted his story. The district court found Oster a more persuasive witness, however, and concluded that he had probable cause to stop the motorcycle. The district court denied the motion to suppress, and Jansen went to trial in July 2005. The jury deadlocked, and a mistrial was declared.

At the second trial in August 2005, Roseland's neighbor Teresa Reeves testified that she had gone outside her trailer after hearing the explosion on September 28, 2004. Roseland came outside shortly thereafter, and Reeves asked her what had happened. Reeves testified that Roseland called to Jansen, "I think you better come out here." Jansen came to the door and apologized, telling Reeves, "I'm sorry, Teresa, I didn't know it was going to cause that much of an explosion." Following the close of the evidence, Jansen unsuccessfully moved for judgment as a matter of law and the jury found Jansen guilty of all four counts. Jansen appeals, arguing the district court erred in denying him a Franks hearing and in failing to suppress the evidence seized. He also challenges the sufficiency of the evidence.

Jansen argues that Oster lacked probable cause to stop the motorcycle and that the district court should not have presumed Oster had no reason to lie and was therefore a more reliable witness. He also argues Oster entered Roseland's trailer without permission in violation of his Fourth Amendment rights. The government responds that the evidence established that Oster observed a driving violation which validated his stop of the motorcycle. See United States v. Gregory, 302 F.3d 805, 809 (8th Cir. 2002) (even a minor traffic violation creates probable cause to stop a vehicle). The government also points out that the district court found that Oster had permission to enter the trailer after weighing the credibility of the witnesses and that the trial court's credibility determinations are "virtually unreviewable on appeal." United States v. Hernandez, 281 F.3d 746, 748 (8th Cir. 2002). The denial of a motion to suppress is reviewed de novo but the underlying factual determinations are reviewed for clear error. United States v. Bailey, 417 F.3d 873, 876 (8th Cir. 2005).

The district court's credibility determinations are reasonable, supported by the jury verdict, and should not be overturned. Roseland admitted during her testimony at trial that she had previously lied under oath about this case and that she was taking prescription medication which made it difficult for her to understand the difference between the truth and a lie. The district court expressly found Oster to be more persuasive, and it had a better opportunity to weigh the credibility of the witnesses than we do.

Jansen claims Oster's prewarrant search of the bedroom was a violation of his Fourth Amendment rights. He argues that Oster appeared unfamiliar with the term "sweep search" at the suppression hearing, suggesting that he knew it was illegal to look through the trailer on his initial entry. The government counters that exigent circumstances justified a protective sweep search of the trailer. Police officers are able to conduct a protective sweep search pending an application for a search warrant when there is a risk that evidence will be destroyed. United States v. Kulcsar, 586 F.2d 1283, 1287 (8th Cir. 1978). Police may also be justified in conducting a warrantless search where probable cause and exigent circumstances exist. United States v. Walsh, 299 F.3d 729, 733 (8th Cir. 2006). Here, Oster saw evidence of drug use in the trailer and reasonably concluded that he needed to secure the trailer before leaving to get a warrant to make sure no one else was present and to prevent destruction of the drug evidence. He did a quick search limited to areas in which a person could be hiding. The fact that he was not aware of the term "sweep search" does not affect the legality of what he did. Moreover, the warrant was issued on the basis of his affidavit which only named the drug evidence found in the initial entry and did not include any evidence discovered during the sweep search.

Jansen claims the warrant was unlawful because Oster consciously omitted the pipe bombs from the list of items to seize and failed to tell the magistrate he had searched the trailer prior to the warrant request. A search warrant is valid under the Fourth Amendment if it establishes probable cause. United States v. Carpenter, 422 F.3d 738, 744 (8th Cir. 2005). Probable cause exists if, under the totality of the

circumstances, the warrant shows facts sufficient to create a fair probability that evidence of a crime will be found in the place to be searched. Id. Oster found a marijuana pipe and stem, and this was sufficient independent evidence to establish probable cause that a crime had occurred in the trailer. Oster did not use his sighting of the pipe bombs to obtain the warrant so even if the sweep he conducted had been illegal, the warrant would still not have been tainted. Walsh, 299 F.3d at 733; see also United States v. Warren, 16 F.3d 247 (8th Cir. 1994) (affirming denial of motion to suppress after warrant omitted evidence of sweep search).

Jansen argues further that the warrant became a general warrant by omitting the evidence of the pipe bombs in violation of the particularized requirements of the Fourth Amendment, citing Maryland v. Garrison, 480 U.S. 79, 84 (1987). The government responds that the warrant listed several specific items which were to be seized including controlled substances, paraphernalia, weapons, firearms, and ammunition, all of which are commonly associated with drug trafficking activity. The standard used to determine whether a warrant description is sufficiently specific is one of "practical accuracy," and the degree of specificity may change according to circumstances. United States v. Porter, 831 F.2d 760, 764 (8th Cir. 1987). In United States v. Tyler, 238 F.3d 1036, 1039 (8th Cir. 2001), a warrant was sufficiently specific when it identified a wide range of items that were related to drug use and trafficking. Similarly, all the items listed in the warrant in this case related to drug trafficking, including all "weapons, firearms and ammunition." Oster was not required to include the pipe bombs by name, and the warrant was sufficiently specific to permit the seizures.

Jansen argues he was entitled to a Franks hearing because Oster's credibility was compromised by conflicting testimony regarding the motorcycle stop, his entry into the trailer and his failure to mention the pipe bombs or his sweep search in the warrant affidavit. We review the denial of a request for a Franks hearing for abuse of discretion. Carpenter, 422 F.3d at 745. If an officer omits critical information from a warrant application, the search that follows the resulting warrant may violate the

Fourth Amendment. United States v. Stropes, 387 F.3d 766, 771 (8th Cir. 2004), citing Franks, 438 U.S. at 164-65. To be entitled to a Franks hearing, Jansen had to show that facts were omitted from the warrant application intentionally or with reckless disregard for the truth and that it would have been impossible to find probable cause if the omitted evidence had been included. Id. The warrant in this case was based on an application listing drugs and paraphernalia found in the trailer as a result of a legal search. This was sufficient to establish probable cause. Jansen has not shown that mention of the pipe bomb evidence or the sweep search in the affidavit would have made it impossible to find probable cause. We conclude that the district court did not abuse its discretion in denying a Franks hearing.

Jansen next argues that his conviction should be overturned because there was insufficient evidence to show he knowingly possessed the pipe bombs. We review the evidence de novo to determine if a conviction was supported by substantial evidence. United States v. Boone, 437 F.3d 829, 838 (8th Cir. 2006). A conviction should not be overturned unless a reasonable jury would have a reasonable doubt when the evidence is viewed in the light most favorable to the government. United States v. Donelson, 450 F.3d 768, 773 (8th Cir. 2006).

The government can prove constructive possession by showing ownership, dominion, or control over the item itself or dominion over the premises in which the item was found. United States v. Davis, 449 F.3d 842, 846 (8th Cir. 2006). Oster testified that men's clothes and work boots were found in the trailer and that he retrieved Jansen's cigarette packages from beside the bed. The pipe bomb components were found throughout the trailer, not just in the bedroom. Jansen does not contest that he had spent the night before the incident at the trailer, and both Roseland and her neighbor testified that Jansen had lived at the trailer from time to time over several years. Furthermore, Jansen's apology to the neighbor connected him to the explosion. The jury could have reasonably inferred that Jansen had constructive possession of the pipe bombs and bomb components, and we should not overturn a jury verdict if it is supported by any reasonable inference from the record. Id. Taking the evidence in

the light most favorable to the government, there is sufficient evidence to support the verdict.

For these reasons we affirm the judgment of the district court.

_____