# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 05-2527

———————

United States of America,

        Appellee,

v.

Tony A. Gastineau,

        Appellant.

\*
\*
\*
\*
\* Appeal from the United States
\* District Court for the
\* Western District of Missouri.
\*
\* [UNPUBLISHED]
\*

———————

Submitted: February 23, 2007
Filed: February 28, 2007

———————

Before SMITH, GRUENDER, and SHEPHERD, Circuit Judges.

———————

PER CURIAM.

A jury found Tony Gastineau guilty of possessing ephedrine with knowledge or reasonable cause to believe it would be used to manufacture methamphetamine, in violation of 21 U.S.C. § 841(c). The district court[1] sentenced him to 78 months in prison and 3 years of supervised release. On appeal, his counsel has moved to withdraw and has filed a brief under Anders v. California, 386 U.S. 738 (1967), raising two issues: (1) whether the jury returned inconsistent verdicts, and (2) whether there was insufficient evidence to support the jury's finding that Gastineau knew or

—————————————

[1]The Honorable Nanette Laughrey, United States District Judge for the Western District of Missouri.

had reasonable cause to believe the ephedrine he possessed would be used to manufacture methamphetamine.

We conclude that the jury's verdicts were not inconsistent because the conspiracy offenses on which Gastineau was found not guilty required proof of elements that the possession count did not.  See, e.g., United States v. Masters, 840 F.2d 587, 589-90 (8th Cir. 1988) (reasoning that verdicts were not inconsistent because "guilty knowledge is only one of the many elements of a conspiracy, proof of any one of which the jury might have found wanting in considering the conspiracy charge").  In any event, "it is well established that inconsistent verdicts on the same indictment as to the same defendant are unobjectionable." United States v. Fuller, 374 F.3d 617, 623 (8th Cir. 2004); see also United States v. Whatley, 133 F.3d 601, 606 (8th Cir. 1998) (jury may acquit as to one or more charges for any number of reasons, including inclination to be merciful, and yet reach reasonable guilty verdict on related charges).

We further conclude that the evidence was sufficient to support the jury's guilty verdict in light of Gastineau's own testimony indicating that he knew ephedrine was used to manufacture methamphetamine.  See United States v. Jansen, 470 F.3d 762, 767 (8th Cir. 2006) (court should not overturn jury verdict if it is supported by any reasonable inference from record).

Having independently reviewed the record under Penson v. Ohio, 488 U.S. 75 (1988), we find no nonfrivolous issues for appeal.  Accordingly, we grant counsel's motion to withdraw, and we affirm the judgment of the district court.

_____