# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-2539

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Arkansas. |
| John Sakrekov, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: March 31, 2010
Filed: April 29, 2010

_____

Before WOLLMAN, COLLOTON, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

In 2009, John Sakrekov conditionally pleaded guilty to being a felon in possession of a firearm, and was sentenced to 37 months in prison. In this direct criminal appeal, he challenges the district court's[1] denial of his motion to suppress evidence from an October 2007 search of his residence. On appeal, Sakrekov's counsel has moved to withdraw and has filed a brief under Anders v. California, 386 U.S. 738 (1967), in which she argues that a pre-warrant sweep of Sakrekov's residence violated the Fourth Amendment; that a pre-warrant statement made by

_____

[1]The Honorable Jimm Larry Hendren, Chief Judge, United States District Court for the Western District of Arkansas.

Sakrekov was involuntary because it was triggered by the illegal sweep, and because Sakrekov was under the influence of methamphetamine; and that without the statement and the items observed during the sweep, the affidavit submitted in support of the search warrant for Sakrekov's residence did not contain sufficient probable cause. In a pro se supplemental brief, Sakrekov asserts that the search warrant should not have been issued, and that his trial counsel should have presented certain information at the hearing on the motion to suppress.

We review for clear error the district court's factual findings underlying the denial of the motion to suppress, and de novo the court's legal conclusion that the Fourth Amendment was not violated. See United States v. Bell, 480 F.3d 860, 863 (8th Cir. 2007). As to the protective sweep, we review for plain error the district court's determination that a sweep was permissible, because Sakrekov did not raise that issue in his motion to suppress, and he conceded it at the motion hearing. See United States v. Cardenas-Celestino, 510 F.3d 830, 833 (8th Cir. 2008) (this court has not decided whether failure to raise suppression matter in timely pretrial motion precludes plain error review; assuming without deciding that plain error review is available). Based on the evidence presented at the motion hearing, we conclude that the district court did not plainly err in determining that a protective sweep was authorized in order to prevent the destruction of evidence pending the application for the search warrant. Cf. United States v. Jansen, 470 F.3d 762, 764-65 (8th Cir. 2006) (police officers are able to conduct protective sweep search pending application for search warrant where there is risk that evidence will be destroyed; pre-warrant search did not violate defendant's Fourth Amendment rights where officer observed marijuana pipe and "marijuana stem" in plain view, and concluded that he needed to secure trailer before leaving to get warrant to make sure no one else was present and to prevent destruction of drug evidence); see also Cardenas-Celestino, 510 F.3d at 833 (plain error must be one that is clear and obvious). Further, we conclude that the scope of the protective sweep was not overly broad. See Jansen, 470 F.3d at 765

(quick search limited to areas in which person could be hiding did not violate defendant's Fourth Amendment rights).

We also review for plain error Sakrekov's claim that his statement was involuntary because he was under the influence of methamphetamine, see Cardenas-Celestino, 510 F.3d at 833, and we conclude that the record does not supports that claim, see United States v. Wright, 706 F.2d 828, 830 (8th Cir. 1983) (per curiam) (custodial statements are not per se involuntary because of intoxication; standard is whether, by reason of intoxication or other factors, defendant's will was overborne or whether his statements were the product of rational intellect and free will).

Further, because the protective sweep did not violate Sakrekov's Fourth Amendment rights, we conclude that there is no merit to his claims that his statement was tainted, and that the search warrant was not supported by probable cause. See United States v. Terry, 305 F.3d 818, 822-23 (8th Cir. 2002) (this court reviews determinations of probable cause de novo; describing circumstances where probable cause exists).

Finally, to the extent Sakrekov is arguing that his trial counsel was ineffective, he should raise this argument in a 28 U.S.C. § 2255 motion. See United States v. Cain, 134 F.3d 1345, 1352 (8th Cir. 1998).

Having reviewed the record independently under Penson v. Ohio, 488 U.S. 75, 80 (1988), we find no nonfrivolous issue for appeal. Accordingly, we affirm, and we grant counsel's motion to withdraw.

_____