UNITED STATES of America, Appellee,

v.

Reginald HUGHES a/k/a Raymond Dashun Calloway, Appellant.

No. 87–2585.

United States Court of Appeals, Eighth Circuit.

Submitted July 5, 1990.

Decided Aug. 10, 1990.

---

**114**

James J. Knappenberger, Clayton, Mo., for appellant.

Steven A. Muchnick, St. Louis, Mo., for appellee.

Before LAY, Chief Judge, HENLEY, Senior Circuit Judge, and FAGG, Circuit Judge.

HENLEY, Senior Circuit Judge.

This appeal in a criminal case was last before this same court panel on rehearing in 1989. In an opinion filed July 24, 1989, *United States v. Hughes*, 880 F.2d 101 (8th Cir.1989), we remanded for consideration of the government's explanation for using its peremptory challenges to exclude three black members of the trial jury venire. *See Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). Certain other appeal issues were not addressed pending resolution of the *Batson* issue and recertification of the case to this court.

In the fullness of time the district court [1] held the necessary hearing and certified its findings. The respective parties have filed supplemental briefs and the case has been resubmitted without further oral argument.

Essential facts are set forth in our earlier opinion and will not be here repeated at length. *See United States v. Hughes*, 864 F.2d 78 (8th Cir.1988) and *Hughes*, 880 F.2d 101.

Hughes is a black man who was convicted of certain drug related offenses. This court was particularly concerned with the government's peremptory challenges to three black members of the venire, Gwenda Payne, Booker Washington and Mrs. Bloodsaw.

On rehearing in the district court the government explained that its challenge to Ms. Payne was because she was young, single, and made no response to any question on voir dire. It was the government's theory that young single persons in general were less likely to be favorable to the government in drug cases, particularly if they did not appear to be well educated and of a high economic status. In this connection, the record reflects that two black women kept on the jury were young. One was single, but worked for a drug and alcohol rehabilitation unit, and thus was considered to be less favorable to defendants in drug distribution cases; the other was neat, tidy, well educated and apparently of a relatively high economic status.

Mrs. Bloodsaw, a black female, was challenged because a family member had been convicted of a felony some years ago. Government counsel also thought the juror responded to some of the voir dire questions in a sarcastic manner.

Venireman Washington was challenged because he was young, shabbily dressed, had been divorced, and had no information on the jury list other than marital status.

Reasons for peremptory challenges to whites were explored as well, and the district court ultimately concluded that the reasons for all challenges were reasonably neutral, not pretextual.

We have recently observed that the determination of *Batson* challenges is fact intensive, that a district court is uniquely aware of the totality of circumstances surrounding voir dire, and that we will reverse

---

**1.** The Honorable Stephen N. Limbaugh, United States District Judge, Eastern District of Missouri.

in such cases only for clear error. *United States v. Moore*, 895 F.2d 484 (8th Cir. 1990).

In the totality of the present circumstances, we are persuaded that no clear error has been shown and that the *Batson* challenge must fail.

When this case was last before us we held in abeyance issues concerning (1) warrantless arrest and the searches and seizures of and from the apartment of David Preston; (2) the district court's refusal to give a proposed jury instruction; (3) sufficiency of the evidence on the conspiracy charge; (4) admission of certain evidence; and (5) alleged prosecutorial excesses. It appearing that these questions are totally lacking in merit, do not require further consideration, that the evidence is both admissible and sufficient, that no error of law appears, and that an opinion on these numbered issues would have no precedential value, detailed discussion is pretermitted, and as to such issues the judgment of the district court will be affirmed. *See* 8th Cir.R. 47A and R. 47B.

Indeed, for reasons stated, the judgment of conviction from which this appeal arose is affirmed.