**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Gregory L.A. THOMAS, Defendant–Appellant.**

**No. 91–3500.**

United States Court of Appeals,
Eighth Circuit.

Submitted April 16, 1992.

Decided July 31, 1992.

Rehearing Denied Sept. 2, 1992.

---

John R. Cullom, Kansas City, Mo., for defendant-appellant.

D. Michael Green, Kansas City, Mo. (Jean Paul Bradshaw II and D. Michael Green, on the brief) for plaintiff-appellee.

Before JOHN R. GIBSON and BEAM, Circuit Judges, and MORRIS SHEPPARD ARNOLD,* District Judge.

JOHN R. GIBSON, Circuit Judge.

Gregory Thomas appeals his convictions of conspiring to possess cocaine with intent to distribute, and aiding and abetting the possession of cocaine with intent to distribute, in violation of 21 U.S.C. §§ 846, 841(a)(1) and b(1)(A) (1988), and 18 U.S.C. § 2 (1988). On appeal, he argues that his conviction should be reversed because: (1) it violates the double jeopardy clause; (2) the government committed a *Batson*[1] violation during jury selection; and (3) the district court committed reversible error by failing to dismiss the conspiracy count.

---

* THE HONORABLE MORRIS SHEPPARD AR-NOLD was United States District Judge for the Western District of Arkansas at the time this case was submitted and was appointed Circuit Judge of the United States Court of Appeals for the Eighth Circuit on June 1, 1992.

1. *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).

We affirm the judgment of the district court.[2]

Police surveillance of the Amtrak station in Kansas City, Missouri, led to the arrest of Jeff Brooks, who was carrying seven kilos of cocaine. Brooks was on his way to St. Louis, and was carrying Thomas' business card.

Kansas City police alerted St. Louis authorities to determine who would meet Brooks in St. Louis, and three officers went to the St. Louis Amtrak station. The officers saw Thomas walk to the ticket window where he asked the ticket agent to page "Joe Woods," the alias under which Brooks had been travelling. The ticket agent, who was helping another customer, did not respond to the request. The officers followed Thomas when he drove away from the station. After he parked and walked away from his car, the officers approached him. They learned that he was driving a rental car from California and staying in a Belleview, Illinois, motel. Officers searched the hotel room and uncovered $10,500 in cash in a suitcase.

Thomas and Brooks were indicted for conspiring to possess cocaine. Brooks died before trial. Patricia Walker testified at Thomas' trial. Walker had dated Brooks for about 11 years and knew Thomas. She testified that Brooks was a "runner" for Thomas and carried cocaine for him. She testified that she often took Brooks to the airport, bus, and train stations and had received calls from Brooks in Illinois in July and September, 1990. Susan Brooks, Jeff Brooks' daughter, also testified. Susan Brooks testified that she carried two kilograms of cocaine from Los Angeles to Memphis, Tennessee, on October 31, 1988. She was arrested at the Memphis airport and convicted on a possession with intent to distribute charge. She testified that she obtained the cocaine from Thomas.

Following a jury conviction on both counts, the district court sentenced Thomas to 180 months on each count to be served concurrently.

I.

■ Thomas first argues that his convictions violated the double jeopardy clause because both counts (conspiracy to possess cocaine and aiding and abetting in the possession of cocaine) required proof of the same agreement. Specifically, he says that the agreement between him and Brooks to possess cocaine (the basis for Count II) was the same agreement as that in the conspiracy count.

The Supreme Court recently held that the double jeopardy clause does not bar prosecution of a defendant for conspiracy when the defendant has previously been convicted of certain overt acts charged in the conspiracy. *United States v. Felix,* —— U.S. ——, 112 S.Ct. 1377, 1381, 118 L.Ed.2d 25 (1992). We have also held that "no double jeopardy violation occurs when a person is ... convicted of conspiracy and a substantive overt act of the conspiracy." *United States v. Cerone,* 830 F.2d 938, 944 (8th Cir.1987), *cert. denied,* 486 U.S. 1006, 108 S.Ct. 1730, 100 L.Ed.2d 194 (1988). The issue is "whether each offense requires proof of a fact that the other does not." *Id.* (citing *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932)).

The Supreme Court in *Iannelli v. United States,* 420 U.S. 770, 95 S.Ct. 1284, 43 L.Ed.2d 616 (1975), distinguished conspiracy and aiding and abetting charges, explaining that "although [aiding and abetting is] often based on agreement, [it] does not require proof of that fact." *Id.* at 777 n. 10, 95 S.Ct. at 1289 n. 10. We applied this reasoning in *Cerone,* 830 F.2d at 945–46, and it also applies here. The Supreme Court reaffirmed this reasoning, stating that "a substantive crime, and a conspiracy to commit that crime are not the 'same offense' for double jeopardy purposes." *Felix,* —— U.S. at ——, 112 S.Ct. at 1384. The two counts here involved different elements, and there was no double jeopardy violation.

2. The Honorable Dean Whipple, United States District Judge for the Western District of Missouri.

**150**

## II.

We make short shrift of Thomas' remaining arguments. Thomas complains that during jury selection, the government struck a black panel member in violation of *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). After the government struck the panel member, Thomas objected, and the district court judge asked the government to state his reason for removing the juror. The attorney explained that he struck the juror because he was single and a laborer. Three other blacks remained on the jury panel. The trial court determined that there was no *Batson* violation, and Thomas has not demonstrated this ruling to be in error. *See United States v. Hughes,* 911 F.2d 113, 114–15 (8th Cir.1990).

Thomas also argues that the district court committed plain error when it instructed the jury that he could be found guilty of aiding and abetting an attempted possession of cocaine with intent to distribute. The district court apparently inadvertently inserted the word "attempted" before the phrase "possession with intent to distribute." On five other occasions, however, the phrase was properly stated without the word "attempted." We rejected an argument similar to the one here in *United States v. Voss,* 787 F.2d 393 (8th Cir.), *cert. denied,* 479 U.S. 888, 107 S.Ct. 286, 93 L.Ed.2d 261 (1986). As we stated in *Voss,* "this single slip, in light of the entire charge, did not mislead the jury." *Id.* at 402.

Thomas also argues that the evidence showed that there were two conspiracies, not one. Thomas says that Susan Brooks' arrest in October 1988 showed a separate conspiracy. We reject this argument. The fact that a number of separate transactions occurred does not establish the existence of a number of separate conspiracies. *United States v. Spector,* 793 F.2d 932, 935 (8th Cir.1986), *cert. denied,* 479 U.S. 1031, 107 S.Ct. 876, 93 L.Ed.2d 830 (1987). The evidence established that Susan Brooks carried cocaine at Thomas' direction. There was evidence that Jeff Brooks was Thomas' assistant in the conspiracy. There was no error in submitting the issue of one conspiracy count to the jury.

Finally, Thomas argues that the evidence was not sufficient to support his conviction of aiding and abetting the possession of cocaine with intent to distribute. To be guilty of a crime by reason of aiding and abetting, a defendant must have had a purposeful attitude, defined as "affirmative participation which at least encourages the perpetrator." *United States v. Ivey,* 915 F.2d 380, 384 (8th Cir.1990). Here, there was sufficient evidence to establish that Thomas affirmatively participated in the crime. Thomas went to the Amtrak station to meet the train arriving from Kansas City. He asked that "Joe Woods" be paged. The name "Joe Woods" was the false name that Jeff Brooks used. Officers discovered more than $10,000 in Thomas' hotel room. From this evidence, the jury could reasonably conclude that Thomas went to the train station to meet Brooks and pick up the seven kilograms of cocaine.

We affirm the conviction.