# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 97-1671

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Arkansas |
| Kenneth Edward Stuart, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted:  April 14, 1998

Filed:  July 31, 1998

_____

Before McMILLIAN, BOWMAN[1] and MURPHY, Circuit Judges.

_____

McMILLIAN, Circuit Judge.

_____

[1]The Honorable Pasco M. Bowman succeeded the Honorable Richard S. Arnold as Chief Judge of the United States Court of Appeals for the Eighth Circuit at the close of business on April 17, 1998.

Kenneth Edward Stuart appeals from a final judgment entered in the United States District Court[2] for the Western District of Arkansas upon a jury verdict finding him guilty of knowingly making false and fictitious statements to a firearms dealer in violation of 18 U.S.C. § 922(a)(6) and being a felon and knowingly possessing a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(e)(1). The district court imposed a mandatory sentence of 15 years on each count to run concurrently, 3 years supervised release and a special assessment of $100.00. Appellant argues for reversal that the district court erred in denying his motion for a new trial because the government suppressed exculpatory evidence. For the reasons given herein, we affirm.

I.

The district court had jurisdiction pursuant to 18 U.S.C. § 3231. Jurisdiction on appeal is proper based upon 28 U.S.C. § 1291. The notice of appeal was timely filed pursuant to Rule 4(b) of the Federal Rules of Appellate Procedure.

II.

On October 12, 1994, a licensed, federal firearms dealer sold appellant a deer hunting rifle. To complete the transaction, appellant filled out a form required by federal law, ATF Form No. 4473. Appellant answered "no" to the question asking whether the purchaser had ever been convicted of a crime punishable by imprisonment for a term exceeding one year. If the question had been answered "yes," the dealer could not have legally sold the purchaser a firearm. Form No. 4473 contained the buyer's driver's license number and the buyer's signature at the bottom. Expert testimony established that the handwriting on Form No. 4473 was appellant's handwriting, and that the firearm sold to appellant had been transported in interstate

---

[2]The Honorable Harry F. Barnes, United States District Judge for the Western District of Arkansas.

commerce. The records supervisor at the Arkansas Department of Corrections (ADC) testified that her records showed that appellant had been convicted of manslaughter, two counts of burglary and two counts of theft of property for which he had been sentenced to five years imprisonment. Each charge was a felony. Fred Prevo, Jr., an inmate at ADC, testified that he purchased the rifle but that appellant made the actual purchase and filled out the form as a favor because he had neither identification nor money. Prevo also acknowledged reviewing a copy of his testimony before the grand jury that defense counsel had given him. Appellant testified and denied that he had completed Form No. 4473, but admitted to signing his name on the form. He also testified that he had lent Prevo the money to buy the rifle.

After he was convicted, appellant filed a motion for a new trial alleging that the government had suppressed the grand jury testimony of Cartina Manning. According to her affidavit, which appellant attached to his motion for a new trial, Manning testified before the grand jury that the rifle belonged to Prevo and not to appellant. The district court denied the motion, ruling that Manning's grand jury testimony was neither suppressed nor material. United States v. Stuart, Crim. No. 96-4003-001, slip op. at 2 (W.D. Ark. Mar. 3, 1997) (order) (citing United States v. Sheffield, 55 F.3d 341, 343 (8th Cir. 1995)). This appeal followed.

III.

The sole issue raised in this appeal is whether the government suppressed exculpatory evidence in violation of Brady v. Maryland, 373 U.S. 83 (1963) (Brady). Appellant argues that the failure of the government to disclose Manning's grand jury testimony requires a reversal because it was evidence that could have resulted in an acquittal. This court will not disturb a denial of a motion for a new trial unless the trial court has abused its discretion. United States v. Davis, 785 F.2d 610, 618 (8th Cir. 1986); Vasser v. Solem, 763 F.2d 975, 979 (8th Cir. 1985).

A Brady claim can succeed, if, but only if, appellant can establish that (1) the government suppressed evidence, (2) such evidence was favorable to the defense, and (3) the suppressed evidence was material to the issue of guilt or punishment. United States v. Turner, 104 F.3d 217, 220 (8th Cir. 1997). Evidence is not suppressed if the defendant has access to the evidence prior to trial by the exercise of reasonable diligence. United States v. White, 970 F.2d 328, 337 (7th Cir. 1992). "[R]egardless of whether the evidence is material or even exculpatory, when information is fully available to a defendant at the time of trial and his [or her] only reason for not obtaining and presenting the evidence to the Court is his [or her] lack of reasonable diligence, the defendant has no Brady claim." United States v. Brown, 628 F.2d 471, 473 (5th Cir. 1980). Here, the government attorney, about three months prior to trial, delivered to appellant, in response to his discovery motion, the Prevo grand jury testimony. See Appellee's Appendix at 2 (referring to grand jury testimony attached as Ex. A). During an exchange between the government attorney and Prevo pertaining to the truthfulness of Manning's grand jury testimony, the government attorney specifically referred to Manning's grand jury testimony that Prevo brought the rifle to her house, and Prevo testified that Manning's testimony on that point was not true. Appellant knew of and had an opportunity to request and read Manning's complete grand jury testimony. This he failed to do. When defendants fail to recognize the exculpatory nature of documents to which they have access, Brady cannot be invoked to resuscitate their defense after conviction. United States v. White, 970 F.3d at 337. Consequently, we hold that the government did not suppress Manning's grand jury testimony and that the district court did not abuse its discretion in denying appellant's motion for a new trial.

Accordingly, the judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.