# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 97-2485

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Northern District of Iowa. |
| Larry Alan Wilson, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: September 8, 1998

Filed: September 11, 1998

_____

Before BOWMAN, Chief Judge, WOLLMAN, and LOKEN, Circuit Judges.

_____

PER CURIAM.

Larry Alan Wilson pleaded guilty to conspiring to distribute and to possess with intent to distribute 100 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846, but disputed the ending date of the conspiracy charged by the government. Specifically, the government charged that Wilson's involvement in the conspiracy began in December 1993 and ended in May 1994, while Wilson contended that his involvement ended when he was incarcerated for a prior

felony drug offense on February 28, 1994. The district court[1] found that Wilson's involvement in the conspiracy continued after he was incarcerated and that, based on the prior drug offense, Wilson faced a 20-year mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(A)(viii). The court imposed the 20-year sentence to run concurrently with the 172-month sentence that Wilson was serving for the prior drug conviction, but with no credit for time served to date, and five years' supervised release. After appellate counsel moved to withdraw pursuant to Anders v. California, 386 U.S. 738 (1967), we granted Wilson permission to file a pro se supplemental brief, and he has done so. We now affirm.

Wilson first challenges the district court's conclusion that he committed the instant offense after a prior felony drug offense had become final; in particular, he challenges the court's finding at sentencing that the conspiracy continued after Wilson's incarceration. Wilson's co-conspirators testified at his sentencing, however, that before Wilson went to prison, he initiated the framework for future drug transactions involving Wilson's California supplier and others, and then--from prison--monitored the arrival of packages, offered advice on how to escape detection, and profited from the conspiracy through his supplier's action in setting aside money for him from the transactions. We thus find the district court did not clearly err. See United States v. Wayne, 903 F.2d 1188, 1196-97 (8th Cir. 1990) (standard of review).

Wilson also challenges the district court's finding that more than 100 grams of methamphetamine were involved in the instant offense, and contends that there is no evidence that the methamphetamine involved was d-methamphetamine. These arguments fail. The record amply supports the district court's drug quantity finding. Moreover, the statute does not differentiate between d- and l-methamphetamine, and in any event, the methamphetamine upon which the court based Wilson's sentence was

---

[1]The Honorable Michael J. Melloy, Chief Judge, United States District Court for the Northern District of Iowa.

identified in a laboratory report received into evidence as d-methamphetamine. See 21 U.S.C. § 841(b)(1)(A)(viii); United States v. Payne, 119 F.3d 637, 645 (8th Cir.) (district court's determination of drug quantity for sentencing purposes reviewed for clear error), cert. denied, 118 S. Ct. 454 (1997); United States v. Maza, 93 F.3d 1390, 1400 n.4 (8th Cir. 1996) (statute does not differentiate between d- and l-methamphetamine), cert. denied, 117 S. Ct. 1008 (1997).

Wilson also contends that the government violated Brady v. Maryland, 373 U.S. 83 (1963), by withholding cooperation agreements with its witnesses, but the record shows that the government indicated to the district court at sentencing that each witness was cooperating under plea agreements with the government. See United States v. Stuart, No. 97-1671, 1998 WL 432481, at *2 (8th Cir. July 31, 1998) (to show violation of Brady, must establish government suppressed evidence favorable to defense and material to guilt or punishment). Wilson's additional argument that the government used "statements of witnesses it did or should have known were committing perjury" amounts only to conclusory allegations of perjury which are insufficient to set aside his conviction or sentence.

Wilson next raises a double jeopardy challenge to the prosecution. Because he did not raise the issue in the district court, however, he may not raise it for the first time on appeal. See United States v. Santana, No. 97-3450, 1998 WL 414469, at *3 (8th Cir. July 24, 1998). In any event, "the double jeopardy clause does not bar prosecution of a defendant for conspiracy when the defendant has previously been convicted of certain overt acts charged in the conspiracy." United States v. Thomas, 971 F.2d 147, 149 (8th Cir. 1992) (citing United States v. Felix, 503 U.S. 378 (1992)), cert. denied, 510 U.S. 839 (1993).

Wilson next argues that he did not receive credit for time served, as required under 18 U.S.C. § 3585(b), but the district court had no authority to calculate such a sentence credit at sentencing; such authority rests exclusively with the Attorney

General and the Bureau of Prisons. See <u>United States v. Wilson</u>, 503 U.S. 329, 334-35 (1992). Wilson's arguments that he should not have received sentence enhancements for a 1988 burglary conviction, for a managerial role, or for career-offender status fail because the district court did not enhance his sentence for any of these reasons, and instead applied the mandatory statutory minimum sentence. Finally, we find that the ineffective assistance claims he raises would be more appropriately addressed in a 28 U.S.C. § 2255 proceeding where a record can be fully developed. See <u>United States v. Mitchell</u>, 136 F.3d 1192, 1193 (8th Cir. 1998).

Upon review of the record in accordance with <u>Penson v. Ohio</u>, 488 U.S. 75, 80 (1988), we find no nonfrivolous issues. Accordingly, the judgment is affirmed. Wilson's motion for substitute counsel is denied.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.