# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-1331

_____

United States of America,             *
                                      *

        Appellee,             *
                                        *

    v.                     *
                                        *

Merrideth June Crane-Horton,     *
also known as Mary Crane-Horton,  *
                                        *

        Appellant.

_____            Appeals from the United States
                               District Court for the Southern
No. 11-1407          District of Iowa.

_____

                                    [UNPUBLISHED]

United States of America,      *
                                      *

        Appellee,             *
                                      *

    v.                     *
                                      *

Edwin Nathan Horton,        *
                                      *

        Appellant.           *

_____

Submitted: October 17, 2011
Filed:  February 6, 2012

_____

Before MELLOY, BEAM, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Merrideth Crane-Horton and Edwin Nathan Horton (Nate) (collectively, "the Hortons"), appeal their top-of-the-Guidelines-range sentences of 210 and 175 months respectively. The Hortons were charged in a ten-count indictment with conspiracy to commit sex trafficking and several other felonies related to the sex-trafficking conspiracy. Both pleaded guilty to one count of conspiracy to commit sex trafficking, and both had the benefit of a plea agreement with the government.

The Hortons contend that the district court[1] erroneously applied a presumption of correctness to the Guidelines, because the court stated that it would "go with that guideline range unless there are significant issues in a case that suggest otherwise." Nate further argues that the court abused its discretion by finding that his criminal history score was not substantially overstated. The government points out that the Hortons did not object at sentencing to the district court's "go with" statement and our review is for plain error. Further, the government argues the district court did not otherwise abuse its discretion in imposing the sentences.

The district court did not commit plain error. To the extent that the district court's "go with" statement might be considered erroneous, it was not plain error affecting the Hortons' substantial rights. See United States v. Bain, 586 F.3d 634, 640 (8th Cir. 2009) (setting forth the test for plain error review in a sentencing case, including that the defendant must show a reasonable probability of a lower sentence absent the error), cert. denied, 131 S. Ct. 74 (2010). The district court indicated that if not for the extensive negotiations that resulted in the plea bargain, it might have

_____

[1]The Honorable James E. Gritzner, United States District Judge for the Southern District of Iowa.

varied *above* the Guidelines range.  See id. at 640-41 (holding that where the district court committed Gall[2] error by requiring "extraordinary circumstances" to grant a variance, the error was not plain because the defendant could not establish he would have received a lower sentence absent the error).

We also reject Nate's argument that the district court erred in failing to depart downward based on an over-represented criminal history score.  The denial of a downward departure is unreviewable unless the district court had an unconstitutional motive or an erroneous belief that it was without the authority to grant the departure.  United States v. Dixon, 650 F.3d 1080, 1084 (8th Cir. 2011).  The record reflects that the district court knew of its authority to depart, but chose not to do so.  There is no evidence to suggest that the court's reasoning was due to an unconstitutional motive, and we accordingly will not review its downward departure decision.  Finally, our review of the egregious facts in the record confirms that the district court's within-Guidelines-range sentences were reasonable.  Accordingly, we affirm.

_____

_____

[2]Gall v. United States, 552 U.S. 38 (2007).

-3-