# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-1262

_____

United States of America

*Plaintiff - Appellee*

v.

Tony Terrell Robinson

*Defendant - Appellant*

_____

No. 15-1994

_____

United States of America

*Plaintiff - Appellee*

v.

Tanka James Tetzlaff

*Defendant - Appellant*

_____

Appeals from United States District Court
for the District of Minnesota - St. Paul

_____

Before SHEPHERD, BEAM, and KELLY, Circuit Judges.
_____

PER CURIAM.

Codefendants Tanka Tetzlaff and Tony Robinson challenge the sentences imposed following their guilty pleas on two counts: conspiracy to defraud in violation of 18 U.S.C. § 286, and aiding and abetting false claims in violation of 18 U.S.C. §§ 2 and 287. Each defendant raises separate and unique challenges on appeal, as discussed herein, and we affirm both sentences.

## I.    BACKGROUND

While in custody at the Minnesota Correctional Facility, defendants Tetzlaff and Robinson, and others, operated an extensive tax-fraud scheme through which they filed false income tax returns and applied for tax refunds. Once investigators uncovered the scheme, Tetzlaff and Robinson admitted their roles in it and explained how it worked. Tetzlaff and Robinson both benefitted financially from the scheme. In total, the men submitted over 500 tax returns, making over $830,000 in false claims for tax refunds. Robinson was responsible for $834,467 in attempted loss and $197,125 in actual loss; and Tetzlaff was jointly responsible for about $694,000 in attempted loss and $165,800 in the actual loss amount.

A twenty-one-count indictment was filed in the District of Minnesota charging the men with conspiracy to defraud the United States by submitting false tax claims to the IRS, and other false claims charges. Each pleaded guilty to two counts. The

district court[1] sentenced Tetzlaff to a term of imprisonment of eighty-eight months and Robinson to a term of eighty-four months. The instant appeals ensued.

## II.    DISCUSSION

Robinson and Tetzlaff challenge their sentences claiming the district court procedurally erred and, additionally, that the resulting sentences are substantively unreasonable. Each argue the district court procedurally erred by failing to properly consider the 18 U.S.C. § 3553(a) factors when it determined their sentences of imprisonment. When this court reviews sentences, we must first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, failing to consider the § 3553(a) factors, calculating a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence. United States v. Bridges, 569 F.3d 374, 378 (8th Cir. 2009). Having thoroughly reviewed the sentencing transcript, we find the district court's imposed sentences are procedurally sound. The district court appropriately considered each defendant's argument in the court's § 3553(a) considerations, appropriately analyzed the § 3553(a) factors, and, specifically as to Robinson, analyzed his argument regarding a suggested departure as well.[2]

---

[1]The Honorable Donovan W. Frank, United States District Judge for the District of Minnesota.

[2]Robinson contends for the first time on appeal that the district court erred by calculating his sentence based upon an alleged mistaken presumption that Robinson could be assigned to a prison with a Residential Drug Abuse Program. This argument is without merit. A careful review of the transcript reveals that the district court did not arrive at its sentence based on this mistaken presumption. The district court expressed its (correct) understanding that regardless of its recommendations regarding treatment, "it [was] not [the court's] decision to make." There was no error, prejudicial or otherwise, on this issue. See United States v. Pirani, 406 F.3d 543, 552 (8th Cir. 2005) (en banc) (discussing plain error standard of review).

Both Robinson and Tetzlaff additionally assert that their bottom of the Guidelines (Robinson), and below the Guidelines (Tetzlaff), sentences are substantively unreasonable.[3] "We review the reasonableness of the district court's sentence under a deferential abuse-of-discretion standard." United States v. Ruelas-Mendez, 556 F.3d 655, 657 (8th Cir. 2009). Upon careful review, we conclude that neither sentence is unreasonable and find nothing in the record to suggest that the court abused its discretion. United States v. Feemster, 572 F.3d 455, 460-61 (8th Cir. 2009) (en banc) (describing appellate review of sentencing decisions); United States v. Dixon, 650 F.3d 1080, 1084 (8th Cir. 2011) (reiterating that if a sentence falls within the advisory Guidelines range, it is presumed substantively reasonable on appeal); United States v. Lazarski, 560 F.3d 731, 733 (8th Cir. 2009) (where district court has varied downward, "it is nearly inconceivable that the court abused its discretion in not varying downward still further").[4]

---

[3]Robinson raises two additional claims on appeal, both of which we reject: (1) an ineffective assistance of counsel claim, which he acknowledges is premature on direct appeal, United States v. Pherigo, 327 F.3d 690, 696 (8th Cir. 2003) ("Claims of ineffective assistance of counsel are properly raised in a post-conviction motion under 28 U.S.C. § 2255 and not on direct appeal."); and (2) a claim that the district court erred by not granting his motion for a downward departure based on overstatement of his criminal history, which is unreviewable because the district court recognized its authority to depart and there is no indication that the district court had any unconstitutional motive in denying the request, United States v. Anderson, 570 F.3d 1025, 1034 (8th Cir. 2009).

[4]Teztlaff also uniquely claims the district court failed to consider the "hard time" he spent in Minnesota county jail, rather than in a prison, awaiting trial and sentencing in this case, thus contributing to the unreasonableness of the ultimate sentence imposed. He claims that "the difficulty of his time in custody while held before sentencing constitute[d] a mitigating factor that should have been taken into account" at sentencing. This argument is raised for the first time on appeal and is thus reviewed for plain error. United States v. Ruiz-Salazar, 785 F.3d 1270, 1272 (8th Cir. 2015). Having carefully reviewed the sentencing colloquy, the district court committed no error, plain or otherwise. The court appropriately analyzed and applied

Finally, Tetzlaff claims the district court violated the Double Jeopardy Clause by considering his criminal history in determining his sentence; another matter he raises for the first time on appeal. See United States v. Burnette, 518 F.3d 942, 946 (8th Cir. 2008) (noting that plain error review governs when the defendant fails to object to procedural sentencing errors before the district court). As Tetzlaff concedes, however, this argument runs counter to "a long line of caselaw." Considering a defendant's prior criminal record in determining the appropriate sentence under the Guidelines does not violate the Double Jeopardy Clause of the Fifth Amendment. United States v. Thomas, 930 F.2d 12, 14 (8th Cir. 1991) (enhancement for criminal history does not violate double jeopardy).

## III.  CONCLUSION

For the reasons stated herein, we affirm the district court as to both defendants.

_____

the § 3553(a) factors.