# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-3736

_____

United States of America

*Plaintiff - Appellee*

v.

Eric Sandoval

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Sioux City

_____

Submitted: January 31, 2019
Filed: February 5, 2019
[Unpublished]

_____

Before COLLOTON, SHEPHERD, and KOBES, Circuit Judges.

_____

PER CURIAM.

Eric Sandoval directly appeals the sentence the district court[1] imposed after he pleaded guilty to a drug offense. His counsel has moved for leave to withdraw and

---

[1]The Honorable Leonard T. Strand, Chief Judge, United States District Court for the Northern District of Iowa.

has filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that the district court should have departed downward based on overstatement of Sandoval's criminal history, should have granted a greater downward variance, and should have ordered that the sentence run concurrently with the sentence the court imposed in a separate case involving Sandoval's violation of supervised-release conditions. Sandoval has not filed a pro se brief.

We lack authority to review the district court's decision not to depart, as the court recognized its authority to depart and Sandoval does not contend that it denied his request based on an unconstitutional motive. See United States v. Dixon, 650 F.3d 1080, 1084 (8th Cir. 2011) (district court's refusal to grant downward departure is unreviewable unless court had unconstitutional motive in denying request or failed to recognize its authority to depart downward). We reject Sandoval's argument that the district court should have granted a greater downward variance, as we conclude the district court did not impose an unreasonable sentence. See United States v. Salazar-Aleman, 741 F.3d 878, 881 (8th Cir. 2013) (discussing appellate review of sentencing decisions under abuse-of-discretion standard); see also United States v. Torres-Ojeda, 829 F.3d 1027, 1030 (8th Cir. 2016) (where defendant was sentenced below advisory Guidelines range, it is nearly inconceivable that district court abused its discretion in not varying downward still further). Further, we conclude the district court did not err in imposing a consecutive sentence. See U.S.S.G. § 5G1.3, comment. (n.4(C)) (recommending that sentence for instant offense be imposed consecutively to sentence imposed for revocation where defendant committed instant offense while serving period of supervised release).

Having independently reviewed the record under Penson v. Ohio, 488 U.S. 75 (1988), we find no nonfrivolous issues for appeal. Accordingly, we grant counsel's motion to withdraw and affirm.

_____

-2-