# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-2228
_____

United States of America

*Plaintiff - Appellee*

v.

Anthony Joseph Melton

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa - Central
_____

Submitted: April 1, 2022
Filed: April 7, 2022
[Unpublished]
_____

Before LOKEN, BENTON, and SHEPHERD, Circuit Judges.
_____

PER CURIAM.

Anthony Melton appeals after he pleaded guilty to a firearm offense and the district court[1] sentenced him to 84 months in prison. On appeal, Melton argues that

_____

[1]The Honorable Stephanie M. Rose, Chief Judge, United States District Court for the Southern District of Iowa.

the district court erred by denying his motion to suppress evidence arising from a traffic stop, by denying a downward departure at sentencing and by imposing a substantively unreasonable sentence.

Upon careful review, we conclude that the district court did not err in denying Melton's motion to suppress. See United States v. Holly, 983 F.3d 361, 363 (8th Cir. 2020) (in reviewing denial of a motion to suppress, district court's findings of fact are reviewed for clear error and its legal conclusions are reviewed de novo). Specifically, the traffic stop of Melton's Jeep was not unlawfully extended to bring in a drug dog, see Rodriguez v. United States, 575 U.S. 348, 354-55 (2015) (officer may conduct a dog sniff on a vehicle during a lawful traffic stop, but may not prolong an otherwise completed stop; seizure remains lawful so long as unrelated inquiries do not measurably extend the duration of the stop); and the statements made by the driver of the Jeep indicating that contraband had been moved to Melton's Grand Am, as well as the dog's alert on that vehicle, justified its search and Melton's detention, see Chestnut v. Wallace, 947 F.3d 1085, 1088 (8th Cir. 2020) (brief investigative detention may be based on reasonable suspicion that criminal activity is afoot); United States v. Olivera-Mendez, 484 F.3d 505, 512 (8th Cir. 2007) (alert by reliable drug dog is sufficient to establish probable cause for presence of controlled substance).

As to Melton's sentence, we find no indication that the district court failed to recognize its authority to depart downward, see United States v. Dixon, 650 F.3d 1080, 1084 (8th Cir. 2011) (district court's refusal to grant downward departure is unreviewable unless court had unconstitutional motive in denying request or failed to recognize its authority to depart downward); and we conclude that the district court did not impose a substantively unreasonable sentence, see United States v. Feemster, 572 F.3d 455, 461-62 (8th Cir. 2009) (sentences are reviewed for substantive reasonableness under deferential abuse of discretion standard; abuse of discretion occurs when court fails to consider relevant factor, gives significant weight to

improper or irrelevant factor, or commits clear error of judgment in weighing appropriate factors); <u>see also</u> <u>United States v. McCauley</u>, 715 F.3d 1119, 1127 (8th Cir. 2013) (noting that when district court has varied below Guidelines range, it is "nearly inconceivable" that court abused its discretion in not varying downward further).

Accordingly, we affirm.

_____