# United States Court of Appeals
### For the Eighth Circuit

———————————————

No. 22-1666

———————————————

United States of America,

*Plaintiff - Appellee*,

v.

Gregory A. Neeman,

*Defendant - Appellant.*

————————

Appeal from United States District Court
for the District of Nebraska - Omaha

————————

Submitted: November 8, 2022
Filed: November 28, 2022
[Unpublished]

————————

Before COLLOTON, GRUENDER, and GRASZ, Circuit Judges.

————————

PER CURIAM.

Gregory Neeman pleaded guilty to drug trafficking offenses, and the district court[1] sentenced him to 180 months in prison. On Neeman's appeal, his counsel has

———

[1]The Honorable Joseph F. Bataillon, United States District Judge for the District of Nebraska.

moved to withdraw, and has filed a brief under *Anders v. California*, 386 U.S. 738 (1967), challenging the application of a sentencing enhancement under 21 U.S.C. § 851. Neeman has filed a pro se brief raising additional challenges, and has requested new counsel on appeal.

We conclude that Neeman's prior drug conviction met the relevant criteria for an enhancement under § 851, including that Neeman was released from prison within fifteen years of the commencement of the instant offense. *See* 21 U.S.C. § 802(57); 18 U.S.C. § 924(e)(2). Contrary to counsel's argument, Neeman's supervised release term was properly counted as part of the original sentence, *see United States v. Wilson*, 939 F.3d 929, 931-32 (8th Cir. 2019), and in any event, the record shows that Neeman was originally released within the relevant period.

As to Neeman's pro se arguments, we conclude that the district court's drug-quantity determination was not clearly erroneous, and that the court reasonably credited a detective's testimony over Neeman's. *See United States v. Moore*, 212 F.3d 441, 446 (8th Cir. 2000); *United States v. Karam*, 37 F.3d 1280, 1286 (8th Cir. 1993). Neeman asserts for the first time on appeal that his rights were violated under *Brady v. Maryland*, 373 U.S. 83 (1963), because the detective "altered" the original police report regarding drug quantity, and because the video of the search of his car had been lost. We see no plain error. The detective testified about revisions to his report that occurred during process of dictation and typing, and he was subject to cross-examination about them. Neeman fails to explain how the disputed video evidence would have been favorable to him. *See United States v. Shepard*, 462 F.3d 847, 870 (8th Cir. 2006); *United States v. Stuart*, 150 F.3d 935, 937 (8th Cir. 1998). By pleading guilty, Neeman waived his claims that the government's filing of the § 851 notice was retaliatory, and that his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966), were violated. *See United States v. Muratella*, 843 F.3d 780, 783 (8th Cir. 2016). Any claim of ineffective assistance of counsel should be raised in a collateral proceeding under 28 U.S.C. § 2255.

We have independently reviewed the record under *Penson v. Ohio*, 488 U.S. 75 (1988), and we find no non-frivolous issues for appeal. Accordingly, we affirm, grant counsel's motion to withdraw, and deny Neeman's request for new counsel.

_____