# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-2156
_____

United States of America

*Plaintiff - Appellee*

v.

James E. Bowman, also known as Drake

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Missouri
_____

Submitted: October 31, 2024
Filed: December 10, 2024
[Unpublished]
_____

Before GRUENDER, BENTON, and GRASZ, Circuit Judges.
_____

PER CURIAM.

James Bowman appeals after the district court[1] vacated a conviction and sentence on one count and resentenced him on the remaining three counts to time

---

[1]The Honorable Roseann A. Ketchmark, United States District Judge for the Western District of Missouri.

served plus supervised release. His counsel moved to withdraw and filed a brief under *Anders v. California*, 386 U.S. 738 (1967), challenging his convictions and sentence. Bowman filed a pro se brief challenging his convictions and sentence for different reasons.

After careful review, we conclude that the district court did not plainly err in instructing the jury. *See United States v. Patterson*, 68 F.4th 402, 421 (8th Cir. 2023) (standard of review); *United States v. Weckman*, 982 F.3d 1167, 1175 (8th Cir. 2020) (under plain error review, considering whether jury instructions, taken as a whole, adequately advised the jury of the essential elements of the offenses and the burden of proof required of the government). Next, we conclude the court committed no plain error under *Rehaif v. United States*, 139 S. Ct. 2191, 2200 (2019). *See Greer v. United States*, 593 U.S. 503, 507–09 (2021) (standard of review; defendant faces uphill climb in trying to satisfy substantial-rights prong of plain-error test based on argument that he did not know he was a felon; defendant has burden of showing reasonable probability that outcome of trial proceeding would have been different absent *Rehaif* error). Counsel's double-jeopardy claim is unreviewable, *see United States v. Santana*, 150 F.3d 860, 863 (8th Cir. 1998) (double jeopardy claims may not be raised for the first time on appeal), and in any event, the claim lacks merit, *see United States v. Thomas,* 971 F.2d 147, 149 (8th Cir. 1992) (no double jeopardy violation occurs when a person is convicted of conspiracy to commit substantive crime and aiding and abetting the same substantive crime). To the extent counsel argues that Bowman was sentenced to multiple punishments for the same offense, the assertion is unsupported by the record.

We reject counsel's argument that the district court was bound by this court's Guidelines calculation in *United States v. Bowman*, 722 Fed. Appx. 599 (8th Cir. 2018) (unpublished per curiam), after vacating one of the counts of conviction and resentencing Bowman. *See United States v. Dennis*, 81 F.4th 764, 769 (8th Cir. 2023) (under sentencing package doctrine, court may vacate entire sentence and reconfigure

sentencing plan after vacating one of several convictions). There is no support for counsel's argument that Bowman was not permitted to challenge the fifth addendum to the presentence report; moreover, to the extent counsel intended to challenge the time-served sentence, that challenge is likely moot. *See United States v. Jidoefor*, 97 F.4th 1144, 1155 (8th Cir. 2024).

We reject Bowman's pro se arguments that this court lacks jurisdiction over this appeal, and decline to consider whether the district court should have resolved an earlier 28 U.S.C. § 2255 motion instead of ordering a resentencing, as the district court's January 2023 judgment and conviction is the only order properly before us. *See* 28 U.S.C. § 1291. Even assuming Bowman's challenge to the validity of the special housing supervised-release condition has not been waived, because his counsel explicitly requested the condition at the resentencing hearing, *see United States v. Corn*, 47 F.4th 892, 895 (8th Cir. 2022) (under invited error doctrine, defendant who invites district court to make particular ruling waives right to claim ruling was erroneous on appeal), the record demonstrates the court did not plainly err in imposing the condition, *see United States v. Ristine*, 335 F.3d 692, 694 (8th Cir. 2003) (standard of review); *see also United States v. Melton*, 666 F.3d 513, 518 (8th Cir. 2012) (noting 18 U.S.C. § 3563(b)(11) and U.S.S.G. § 5B1.3(e)(1) expressly authorize a special supervised release condition requiring temporary residence at a residential reentry center, and this court has "regularly upheld" such a condition as reasonable). Finally, we conclude there is no support for Bowman's contention that counsel was "forced" upon him at resentencing, and to the extent Bowman intended to raise an ineffective-assistance-of-counsel claim, we decline to consider it on direct appeal. *See United States v. Ramirez-Hernandez*, 449 F.3d 824, 826-27 (8th Cir. 2006) (ineffective-assistance claims are usually best raised in collateral proceedings where the record can be properly developed).

We have independently reviewed the record under *Penson v. Ohio*, 488 U.S. 75 (1988), and have found no non-frivolous issues for appeal. Accordingly, we grant counsel leave to withdraw, and affirm.

_____